IN THE MATTER OF THE CUSTODY OF SARAH KIMBERLY ROSS AND JAMES CLARK ROSS, MINORS.

(Filed 12 June 1968.)

**1. Divorce and Alimony § 24—**
   Where the court finds that both the father and mother are fit and proper persons to have custody of the children of the marriage and that the best interests of the children require that custody be awarded to the father, such award will be upheld when supported by competent evidence.

**2. Divorce and Alimony § 22—**
   When parents are divorced, children of the marriage become wards of the court and their welfare is the determining factor in custody proceedings.

APPEAL from *Shaw, J.*, from order entered 29 January 1968 as amended 12 February 1968 in Chambers upon a motion in a pending cause for custody of minor children.

This cause originated by a petition for *habeas corpus* filed 10

June 1964 by James Ervin Ross as petitioner seeking the custody of his two children, Sarah Kimberly Ross and James Clark Ross, from their mother Nancy Chapman Ross as respondent.

The petitioner James Ervin Ross will be referred to as "father" and the respondent Nancy Chapman Ross will be referred to as "mother".

A chronological review of the case history is as follows:

7 April 1955 father and mother were married.

25 February 1961 Sarah Kimberly Ross was born to this union.

16 May 1962 James Clark Ross was born to this union.

19 November 1962 father and mother separated and entered into a formal separation agreement, wherein mother was given custody of the two children subject to visitation privileges by father.

4 June 1964 father commenced this *habeas corpus* proceeding for the custody of the two children.

4 June 1964 Judge Gwyn ordered the mother to have the children in court on 15 June 1964 and show cause as to why the children should not be taken from her and placed with father.

16 June 1964 Judge Gambill ordered Rockingham County Welfare Department to make an investigation of the home environment and continued the cause, leaving the custody as provided for in the separation agreement pending further hearings.

6 August 1964 father and mother divorced.

8 August 1964 mother married John Kincaid.

21 October 1964 Judge Johnston, upon affidavits filed on behalf of father and mother, entered an order finding as a fact that father was a fit and proper person to have the care, custody, supervision and control of the two children, and that their best interests required that their care, custody, supervision and control be awarded to the father. This order gave the mother visitation rights to be mutually agreed upon and retained the cause for further orders as circumstances might require.

30 November 1964 Judge McLaughlin entered a consent order definitely fixing the visitation privileges of mother.

6 August 1965 mother moved in the cause for a modification of the previous order and for full custody and control of the children.

21 September 1965 Judge McConnell entered a consent order leaving the children with the father, pursuant to the order of Judge Johnston of 21 October 1964, and fixed specific visitation privileges of the mother in the State of Florida and required mother and her new husband Kincaid to give a bond of $2,500 conditioned upon compliance with the order. In this order all previous affidavits were expunged from the records.

This order was consented to by all parties and their attorneys of record as well as by the new husband John Kincaid.

24 September 1966 father married Pauline Martin.

13 September 1967 mother filed a new motion to vacate, modify or amend the consent order of Judge McConnell of 21 September 1965. In this motion she alleged that there had been a substantial change of conditions since the last order and then set forth in detail some eleven allegations of various changes.

After extensive hearings on two or more occasions where evidence was offered by affidavits and by witnesses, Judge Shaw entered the present order. Judge Shaw made extensive findings of fact and concluded that the best interests of the children require that their general supervision, care, custody and control continue to be entrusted to the father and that the rights of visitation to the mother and maternal grandparents be modified "to promote the continued education of the said children in Rockingham County without interruption or undue disturbance."

From this order and the refusal of Judge Shaw to sign the order tendered by the mother, the mother appeals.

*Arthur Vann, Attorney for respondent appellant.*

*Gwyn & Gwyn by Julius J. Gwyn, Attorneys for petitioner appellee.*

CAMPBELL, J. The attorney for mother appellant in his brief sets out sixteen questions as being involved. Nothing would be gained by enumerating the sixteen questions and answering each in detail.

The evidence in the case is voluminous and sharply conflicting and reveals considerable bitterness on the part of both father and mother. A recital of the evidence would serve no useful purpose.

"The question of custody is one addressed to the trial court. When the court finds that both parties are fit and proper persons to have custody of the children involved, as it did here, and then finds that it is to the best interest of the children for the father to have custody of said children, such holding will be upheld when it is supported by competent evidence." *Hinkle v. Hinkle*, 266 N.C. 189, 196, 146 S.E. 2d 73.

When parents separate and later are divorced, "(t)he children of the marriage become the wards of the court and their welfare is the determining factor in custody proceedings." *Stanback v. Stanback*, 266 N.C. 72, 75, 145 S.E. 2d 332.

In this case there was ample evidence to support the facts found

by Judge Shaw, and no error has been made to appear either in his findings of fact or his conclusions.

Affirmed.

Britt and Morris, JJ., concur.