IN THE MATTER OF THE CUSTODY OF JERRY EDWARD PITTS, JR., MICHAEL TODD PITTS, AND RODNEY CRAIG PITTS, MINORS

No. 68SC174

(Filed 14 August 1968)

1. **Parent and Child § 6; Habeas Corpus § 3— custody of minor child — "welfare of the child" rule**

    G.S. 50-13.2(a), which became effective 1 October 1967, provides that an order for custody of a minor child "shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child"; this statutory directive merely codifies the rule that in custody cases the welfare of the child is the polar star by which the court's decision must ever be guided.

2. **Habeas Corpus § 3— custody of minor child — review of court's decision**

    The decision to award custody of a minor is vested in the discretion of the trial judge who has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion.

3. **Habeas Corpus § 3— custody of minor child — sufficient evidence to support award to mother**

    In a habeas corpus proceeding to determine the custody of minor children, the trial court did not abuse its discretion in awarding custody of the children to the mother, notwithstanding there was evidence to support the husband's charge that his wife had engaged in an illicit affair with another man, since there was sufficient evidence to fully support the court's finding that the mother was a fit and proper person to have custody of the children.

APPEAL by petitioner from *Bailey, J.,* 29 January 1968 Civil Session of ALAMANCE Superior Court.

This action was instituted by Jerry Edward Pitts, Sr., as petitioner, against his estranged wife, Nancy Louise Pitts, by application for Writ of *Habeas Corpus* to determine the custody of their three minor children who were aged two, four, and nine years respectively. At the hearing both petitioner and respondent were present in person and represented by counsel and both presented testimony of a number of witnesses and evidence in the form of affidavits and exhibits. Upon completion of the hearing the court entered an order making extensive findings of fact and concluded that both the petitioner father and the respondent mother were fit and proper persons to have custody of their three minor children. In this order the court also concluded:

"5.   That it is in the best interest of each of the minor children, born of the marriage of the parties hereto, that his cus-

tody be placed in his mother, the respondent, Nancy Louise Pitts, and that such action will be conducive to the full development of his physical, mental and moral faculty.

"6. That it is in the best interest of the said children that their father, the petitioner herein, be allowed to visit with them and have them visit with him and to be in his custody from time to time."

Based on these findings of fact and conclusions the court ordered that the custody of the three children be placed in the mother, but that the father should have the right to have the children in his custody on the first and third weekends of each calendar month and for a period of six weeks following the close of the school year. From the entry of this order, petitioner appeals.

*Ross, Wood & Dodge, by Harold T. Dodge, for petitioner appellant.*

*Latham, Pickard & Ennis, by M. Glenn Pickard, for respondent appellee.*

PARKER, J.

[1, 2]   Appellant assigns as error the trial court's finding that respondent is a fit and proper person to have custody of her three minor children and the order based thereon granting her primary custody and control. The petition in this case was filed 24 October 1967 and is controlled by Chapter 1153 of the 1967 Session Laws which became effective 1 October 1967. That statute provides that an order for custody of a minor child "shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child." G.S. 50-13.2(a). This statutory directive merely codified the rule which had been many times announced by the North Carolina Supreme Court to the effect that in custody cases the welfare of the child is the polar star by which the court's decision must ever be guided. *Wilson v. Wilson*, 269 N.C. 676, 153 S.E. 2d 349, and cases cited; 3 Lee, N. C. Family Law, 3rd, § 224. While this guiding principle is clear, decision in particular cases is often difficult and necessarily a wide discretion is vested in the trial judge. He has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion. Appellant's counsel recognizes this in his brief when he states that the question before the Court on this appeal is "simply whether the trial court abused its

discretion" in applying the long established formula that the court's primary concern must be to further the best interest and welfare of the child.

[3]    In the present case a preliminary order had been entered requesting the Chief Family Counselor for the District Court of Cumberland County, where the parties had resided prior to their separation and where respondent continued to reside, to make an investigation of the family life of the parties and their three children. The report of this investigation was presented to the court at the hearing and in addition the Chief Family Counselor and his assistant, who together had made the requested investigation, appeared in person and testified. Their report and testimony would fully support the court's finding that the respondent mother was a fit and proper person to have custody of her children. Appellant points to the evidence presented by him tending to support his charge that his wife had engaged in an illicit affair with another man, contending that this evidence would compel a finding that she was not a fit person to have custody of her small children. It was, however, the function of the trial court to evaluate this evidence together with all other evidence in the case. In our opinion, and we so hold, the evidence to which appellant points would not compel the trial court to conclude that respondent was unfit to have custody of her own children, particularly in the light of the very substantial evidence before the court to the effect that in her relationship with her children she had been and continued to be a good mother. In the record before us we find no abuse of the trial court's discretion, and in the order appealed from we find

No error.

MALLARD, C.J., and BROCK, J., concur.