IN THE MATTER OF THE CUSTODY OF: WILLIAM THOMAS OWENBY
(TAYLOR) Age 9, DEBRA LYNN OWENBY (TAYLOR) Age 8, SHELIA
KAYE OWENBY (TAYLOR) Age 5

No. 6828SC302

(Filed 13 November 1968)

**1. Bastards § 11— custody of illegitimate child**

Ordinarily, the mother of an illegitimate child is its natural guardian
and, if a suitable person, has the legal right to its custody, care and
control; however, the welfare and best interests of the child override
her paramount right to custody where the mother is unfit or unable to
care for the child.

**2. Infants § 9— custody of children — polar star**

The polar star for determining the custody of children is what serves
the best interests of the children.

**3. Bastards § 11— custody of illegitimate children**

Order of the court finding that neither the father nor the mother of
minor illegitimate children was a fit and proper person to have custody
of the children and that the best interests of the children would be
served by placing them in custody of the county welfare department,
which would place them in the home of a paternal aunt, *is held* supported
by the evidence.

APPEAL from *Martin, (Harry C.) J.,* 1 April 1968, Civil Session,
BUNCOMBE County Superior Court.

William Thomas Taylor and Dorothy Owenby lived together for
approximately twelve years without benefit of clergy. During this
period of cohabitation, three children were born: William Thomas
Owenby (Taylor) born 21 July 1958, Debra Lynn Owenby (Taylor)
born 30 September 1959, and Shelia Kaye Owenby (Taylor) born
28 November 1963.

During the latter part of 1967, William Thomas Taylor and
Dorothy Owenby separated. The former brought the matter to the
attention of the Domestic Relations Court of Buncombe County
(Domestic Relations Court). After conferring with both parents
and after a hearing, the judge of the Domestic Relations Court placed
the temporary custody, control and supervision of the three children
with the Child Welfare Department of the Buncombe County Wel-
fare Department, pending further hearings. The welfare depart-
ment was directed to place the two older children with their pa-
ternal aunt and her husband, Mr. and Mrs. Robert E. Williams.
The younger child was to remain with her mother.

Under date of 11 January 1968 the mother, who married Ken-
neth Howell on 31 January 1968, filed a petition in the Domestic

Relations Court. That court heard the case on 14 February 1968. It was found that neither parent was a fit and suitable person to have the care, custody and control of the children and that the best interests of the children would be served by placing them in the custody and control of the welfare department, which was ordered to place them in the home of Mr. and Mrs. Robert E. Williams. The father was ordered to provide for their support.

From this order, an appeal was taken to the Superior Court of Buncombe County, where a plenary hearing was held on affidavits and oral testimony.

On 3 May 1968 Judge Martin entered an order finding as a fact that neither Dorothy Owenby Howell nor William Thomas Taylor was a fit and proper person to have the care and custody of said minor children and that the best interests and welfare of the children would be served by placing them in the custody of the Buncombe County Welfare Department, which would place them in the home of Mr. and Mrs. Robert E. Williams. The court ordered that the father pay the sum of $40 per week and the mother pay the sum of $10 per week into the office of the clerk of the Domestic Relations Court to be disbursed to the Williamses for the support and maintenance of these children. There were provisions in the order for visitation rights of each parent. The cause was remanded to the Domestic Relations Court to supervise the enforcement of the judgment and to retain the matter for further orders of the court. From this order, the mother appealed.

*S. Thomas Walton,* Attorney for Dorothy Owenby Howell, appellant.

*No Counsel,* contra.

Campbell, J.

[1]    Ordinarily, if a suitable person, the mother of an illegitimate child is its natural guardian and, as such, has the legal right to its custody, care and control. *Jolly v. Queen,* 264 N.C. 711, 142 S.E. 2d 592. While the mother of an illegitimate child has the paramount right to its custody, nevertheless, the welfare and best interests of the child override her paramount right to custody, where, by reason of character or special circumstances, the mother is unfit or unable to care for the child. *Jolly v. Queen, supra.*

[2]    The polar star for determining the custody of children is what serves the best interests of the children.

**[3]**   In the instant case, the children were wards of the court, and their welfare and best interests are the determining factors. *In re Custody of Ross*, 1 N.C. App. 393, 161 S.E. 2d 623. In conducting the plenary hearing, the trial court had an opportunity to observe these children, the parties and the witnesses, and it would serve no useful purpose to detail the evidence. There was ample evidence to support the findings of fact, and the findings of fact support the judgment. Both parents were justifiably held responsible for the support and maintenance of the children. G.S. 49-2.

No error appears in the findings of fact or in the conclusions of Judge Martin.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.