TOM GREER, PLAINTIFF v. MARION ALLISON GREER, DEFENDANT AND
ROBY GREER AND WIFE, RUTH G. GREER; AND ROBERT L. ALLI-
SON AND WIFE, LENA R. ALLISON, ADDITIONAL DEFENDANTS

No. 6924SC203

(Filed 18 June 1969)

1. **Infants § 9;  Parent and Child § 6—  determination of custody of minors**

    When parents separate and later are divorced, the children of the mar-
    riage become wards of the court and their welfare is the determining fac-
    tor in custody proceedings.

2. **Infants § 9;  Parent and Child § 6—  discretion of court in award-
   ing custody of minor**

    The decision to award custody of a minor is vested in the discretion of
    the trial judge who has the opportunity to see the parties in person and
    to hear the witnesses, and his decision ought not to be upset on appeal
    absent a clear showing of abuse of discretion.

3. **Infants § 9;  Parent and Child § 6—  award of custody to grand-
   parents — sufficiency of findings**

    In this proceeding to determine the custody of minor children, no abuse
    of discretion is shown in the court's conclusion that the best interests of
    the children would be served by awarding custody to the grandparents
    upon findings of fact, supported by the evidence, that pursuant to written
    agreement by the parents the children have been in the custody of the
    grandparents since the parents separated, that there has been no criticism
    of the manner in which the grandparents have cared for the children, that
    both the father and his present wife would be away from home a substan-
    tial portion of the time since he is a law student and she is a teacher, and
    that the mother would also be away from home a substantial portion of
    the time since she teaches in another state.

APPEAL by plaintiff from *Bryson, J.,* Judge holding courts for the
Twenty-fourth Judicial District, in chambers, in an action pending
in Superior Court of WATAUGA.

This action was instituted in the Superior Court of Watauga
County on 16 June 1967. The complaint alleged that the plaintiff
and the defendant had been married on 10 September 1959, and had
separated on 15 June 1966. The plaintiff sought to have the mar-
riage dissolved on the grounds of one year's separation and sought
to have custody of the two minor children, ages five and six years
old, awarded to him. The defendant filed answer admitting all alle-
gations of the complaint except allegations relating to custody. Robert
L. Allison and wife Lena R. Allison, and Roby Greer and wife Ruth
G. Greer, parents of plaintiff and defendant, were made additional
defendants by order of the court. A divorce was granted the plain-
tiff at the September 1967 Civil Session of Superior Court of Wa-

tauga County. The matter of custody of the children was not determined at that term of court.

The matter of custody was heard before Bryson, J., in chambers, upon affidavits. After considering the affidavits, the court entered an order on 22 November 1968 awarding custody of the children born of the marriage between the plaintiff and the defendant to the grandparents of the children.

The court made findings of fact to the effect that prior to the institution of this action, the parties executed a written agreement in which it was agreed that the two additional defendants, grandparents of the two minor children, should have the custody and care of the said children; that there has been no complaint or criticism concerning the manner in which the children had been cared for by their grandparents. It was found that the plaintiff had remarried since obtaining a divorce from the defendant and that he would be a student at the Wake Forest Law School in Winston-Salem when school opened; that the plaintiff's wife resides in Greenville, North Carolina, where she holds a teaching position; that the defendant resides with her parents in Sparta, North Carolina, and that she holds a teaching position and will be teaching during the school year. Based upon the fact that the plaintiff would be away from his home for a substantial part of the time, and the fact that the defendant would be away from home for a substantial part of the time, the court concluded that it would not be in the best interest of the minor children to be placed in the custody of the mother or father.

The court further found that the grandparents of the minor children were people of excellent character and fit, suitable, and proper persons to have custody of the minor children; and that they had good and suitable homes within which to care for the children.

The court concluded that it was now in the best interest of the minor children to be placed in the custody of their grandparents. Robert L. Allison and wife were awarded custody of the children during the school term of each year, and Roby Greer and wife were awarded custody during the summer vacation and during the Thanksgiving and Christmas vacation. This order entered by Bryson, J., is substantially in accordance with the separation agreement entered into by the parties prior to the divorce action. From the entry of this order, the plaintiff appealed.

*McElwee & Hall by Jerome C. Herring and Stacy C. Eggers, Jr., for plaintiff appellant.*

R. F. Crouse and Allen and Henderson by H. F. Henderson for defendant appellees, Marion Allison Greer, Robert L. Allison and wife, Lena R. Allison.

MORRIS, J.

[1, 2]    "When parents separate and later are divorced, 'the children of the marriage become the wards of the court and their welfare is the determining factor in custody proceedings.'" In Re Custody of Ross, 1 N.C. App. 393, 161 S.E. 2d 623. The guiding principle to be used by the court in a custody hearing is the welfare of the children involved. "While this guiding principle is clear, decision in particular cases is often difficult and necessarily a wide discretion is vested in the trial judge. He has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion." In Re Custody of Pitts, 2 N.C. App. 211, 162 S.E. 2d 524. G.S. 50-13.2(a) provides: "An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child." This statute became effective subsequent to the commencement of this action, however, the statute "merely codified the rule which had been many times announced by the North Carolina Supreme Court to the effect that in custody cases the welfare of the child is the polar star by which the court's decision must ever be guided." In Re Custody of Pitts, supra.

Also, see Holmes v. Sanders, 243 N.C. 171, 90 S.E. 2d 382, where the Supreme Court, in upholding the trial court's decision to award custody of a child to the grandparents, stated that the welfare of the child was the controlling consideration. These same parties were again before the Supreme Court in Holmes v. Sanders, 246 N.C. 200, 97 S.E. 2d 683. In the second proceeding the trial court had found that the petitioner, the father, was a person of good reputation but that it would be in the best interest of the children to remain in the custody of their grandparents. The Supreme Court upheld this decision stating:

"There is plenary competent evidence to support Judge Bickett's findings of fact, and his findings of fact support his judgment. The findings of fact by Judge Williams and Judge Bickett clearly show there are substantial reasons to deprive petitioner of the custody of his child. Judge Bickett's judgment is in accord with our decisions that the child's welfare is the paramount consid-

eration, and that a parent's love must yield to another if, after judicial investigation, it is found that the best interest of the child is subserved thereby."

[3]    In the present case, the findings of fact, supported by the evidence, show that the parents of the two minor children agreed, prior to the institution of this action, that the grandparents would have custody of the children; that they have had custody since the separation in 1966 and that no complaint or criticism pertaining to the manner in which the children were being cared for had been brought to the attention of the court; and that the plaintiff, the father, will be a student at Wake Forest College, and his present wife resides in Greenville, North Carolina, where she holds a teaching position. The court found that the defendant, the mother of the children, resided in Sparta, North Carolina, and that she held a teaching position in Virginia.

We think these facts found by the trial court are sufficient to support his conclusion that now the best interest of the children would be served by placing them in the custody of their grandparents. Certainly, the two minor children have been in an emotional strain since the separation of their parents. Judge Bryson apparently felt that the welfare of the children at the present time would be served by leaving them with persons with whom they are familiar, and who have cared for them in a proper manner. As a student at Wake Forest University in Winston-Salem, the plaintiff of necessity will be away from home much of the time. His present wife teaches and thus will not be able to spend the time with the children which, apparently, Judge Bryson felt desirable. The defendant does not appeal from the order of Judge Bryson. In upholding the order of the trial court we recognize that custody cases generally involve difficult decisions. The trial judge has the opportunity to see the parties in person and to hear the witnesses. It is mandatory, in such a situation, that the trial judge be given a wide discretion in making his determination, and it is clear that his decision ought not to be upset on appeal absent a clear showing of abuse of discretion. In the order before us, we find no clear showing of an abuse of the discretion given a trial judge in a custody matter. The order is

Affirmed.

CAMPBELL and BROCK, JJ., concur.