IN THE MATTER OF SAUNDRA LYNEISE MORRISON AGE: 1 BORN: MAY 27, 1967

No. 6921DC408

(Filed 27 August 1969)

1. Infants § 9; Parent and Child § 6— custody proceedings — welfare of child

   The welfare of the child is the principal consideration in determining custody matters.

2. Infants § 9; Parent and Child § 6— award of custody to grandparents — sufficiency of findings

   In this proceeding to determine custody of a child, findings of fact by the trial court to the effect that the parents are separated, that the mother, a nonresident, voluntarily gave custody of the child to the paternal grandparents, and that the father supports the child, *are held* sufficient to support the court's order awarding custody of the child to the paternal grandparents.

APPEAL by petitioner from *Alexander, J.,* 31 March 1969 Civil Session, District Court, FORSYTH Division.

The record in this case discloses that Erma J. Morrison filed a petition in the District Court of Forsyth County dated 18 January 1969, alleging that she was a resident of the State of Texas and that she was the natural mother of Saundra LyNeise Morrison, born 27 May 1967, of the marriage union between herself and her husband, Benjamin Morrison, Jr., and that in May, 1968, a marital dispute arose between the petitioner and her husband which resulted in a further dispute between them as to who would have the custody of said child, and that the petitioner permitted the paternal grandmother, Ardelia L. Morrison, to take and keep the child until the dispute was settled. The petitioner further alleged that in September, 1968, she left Texas to come to Forsyth County, North Carolina, to get her child and take her back to the State of Texas, but that the paternal grandparents refused to release the child to her. The petitioner further alleged that on 9 January 1969 she learned that the Domestic Relations Court of Forsyth County on 14 August 1968 issued an order placing the custody of Saundra LyNeise Morrison in the paternal grandparents and the child was made a ward of the court. The petitioner further alleged that she was never served with any process regarding the petition filed by the paternal grandparents and that she had no notice whatsoever of either the petition or order until 9 January 1969, and that said order was void because the court had no jurisdiction to enter the order, and that there had been no compliance with G.S. 110-28. The petitioner further alleged

that she was in all respects a fit and proper person to have the custody of her child. The petitioner prayed that the order of the Domestic Relations Court dated 14 August 1968 be vacated, and that she be awarded the custody of her child. The record does not disclose that the paternal grandparents filed any answer to the petition.

On 21 April 1969 Judge Abner Alexander of the District Court of Forsyth County entered an order in this cause which recites in part that the matter came on for hearing before him on 31 March 1969 upon the petition of Erma Morrison and that petitioner and respondents and their respective attorneys were all present at said hearing along with Benjamin Morrison, Jr., father of the child, and that the court heard evidence of the petitioner and the respondents and argument of counsel whereupon the trial court proceeded to make the following findings of fact:

"(1) That a court order was issued on the 14th day of August, 1968, by E. S. Heefner, Jr., Judge of Forsyth County Domestic Relations Court, declaring that Saundra LyNeise Morrison be made a ward of this court and awarding custody of said child to the paternal grandparents, Mr. Benjamin Morrison and his wife, Ardelia L. Morrison. It appears to this court that said order was proper in every respect and that the Domestic Relations Court had jurisdiction of the matter of Saundra LyNeise Morrison.

"(2) That Saundra LyNeise Morrison has resided in the home of her paternal grandparents, Benjamin Morrison and his wife, Ardelia L. Morrison, since May, 1968, when petitioner, Erma J. Morrison, the minor child's mother, left the State of North Carolina and returned to Texas.

"(3) The petitioner is a resident and citizen of Texas and has resided there since May, 1968; the respondents are citizens and residents of North Carolina and the minor child's father, Benjamin Morrison, Jr., is a citizen and resident of North Carolina, but is presently a member of the Armed Forces stationed overseas. That Benjamin Morrison, Jr., attended this hearing and gave evidence in this matter.

"(4) That petitioner had knowledge of the court order of August 14, 1968, since September, 1968.

"(5) That the paternal grandparents, Benjamin Morrison, Sr., and Ardelia L. Morrison, are fit and proper persons to have custody of the aforesaid minor child, and that said child is now and has been at all times supported by her father, Benjamin Mor-

rison, Jr. That it is in the best interests of said child that she remain a ward of this court and that she remain in the custody of her paternal grandparents."

Based upon its findings of fact the court refused to vacate the order dated 14 August 1968 and awarded the custody of Saundra LyNeise Morrison to the paternal grandparents. To the entry of the order the petitioner excepted and gave notice of appeal to this Court.

*Richard C. Erwin for the petitioner-appellant.*

*Barbara C. Westmoreland for the respondent-appellee.*

HEDRICK, J.

The appellee filed a motion in this Court to dismiss the appeal for that the appellant failed to comply with the provisions of Rule 19(f) of the Rules of Practice in the Court of Appeals of North Carolina. The motion to dismiss was denied and the Court proceeded to decide the case on its merits.

The appellant's sole assignment of error, based on the single exception in the entire record, challenges the entry of the order of Judge Alexander of the District Court of Forsyth County dated 21 April 1969. In *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E. 2d. 363, Parker, C.J., said:

"This sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form."

[1]    The only question before this Court is whether Judge Alexander's findings of fact support his judgment. G.S. 50-13.2(a) provides that the court shall award custody of a minor child to such "person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child." Our courts have consistently held that the child's welfare is the principal consideration in determining custody matters. *Greer v. Greer*, 5 N.C. App. 160, 167 S.E. 2d. 782; *In re Custody of Owenby*, 3 N.C. App. 53, 164 S.E. 2d. 55; *In re Custody of Pitts*, 2 N.C. App. 211, 162 S.E. 2d. 524; *Holmes v. Sanders*, 243 N.C. 171, 90 S.E. 2d. 382; *Holmes v. Sanders*, 246 N.C. 200, 97 S.E. 2d. 683; *In re Coston*, 187 N.C. 509, 122 S.E. 183.

[2]    In the instant case the mother and father gave the child to the

paternal grandmother in May, 1968, pending settlement of their marital difficulties. The record does not disclose that these difficulties have been settled; moreover, the findings of fact indicate that the mother and father are living in a state of separation, and that the mother is a resident of the State of Texas, and that the child has been at all times supported by the father. Since the mother voluntarily gave the child to the grandparents in May, 1968, it can be assumed that she has never and does not now question their fitness to have the custody of the child, or their ability to provide for her. Because the father supports the child and remains a resident of North Carolina, and appeared and participated in the hearing, it may be assumed that he is satisfied that the best interests of the child will be served if she remains in the custody of the grandparents.

In *Greer v. Greer, supra,* Morris, J., speaking for the Court said:

"In upholding the order of the trial court we recognize that custody cases generally involve difficult decisions. The trial judge has the opportunity to see the parties in person and to hear the witnesses. It is mandatory, in such a situation, that the trial judge be given a wide discretion in making his determination, and it is clear that his decision ought not to be upset on appeal absent a clear showing of an abuse of discretion."

In the case before us there is no showing that the trial judge abused his discretion. Judge Alexander's findings of fact are sufficient to support his order.

Since there was no exception to the finding of fact with respect to the order dated 14 August 1968 of the Domestic Relations Court of Forsyth County, the question of the jurisdiction of that court to enter its order is not before this Court. The order of the District Court of Forsyth County dated 21 April 1969 is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.