IN RE: AMY HOPE MOORE, A MINOR

No. 702DC267

(Filed 27 May 1970)

1. Divorce and Alimony § 24;  Infants § 9—   child custody — discretion of court

   While the welfare of the child is the paramount consideration in determining child custody, wide discretion is necessarily vested in the trial judge who has the opportunity to see the parties and hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion.

**2. Divorce and Alimony § 24;    Infants § 9—    child custody order — necessity for findings of fact**

While findings of the trial court in regard to the custody of a child are conclusive when supported by competent evidence, custody order must be vacated and the case remanded for detailed findings of fact when the trial court fails to find facts so that the appellate court can determine that the order is supported by competent evidence and the welfare of the child subserved.

**3. Divorce and Alimony § 24;    Infants § 9—    child custody order — failure to find facts**

Order entered by the court in this child custody proceeding instituted by the child's paternal aunt must be vacated and the cause remanded for detailed findings of fact, where the trial court found no facts but merely concluded that petitioner's evidence would not support the relief prayed for and "confirmed" the child's custody in her maternal grandparents.

APPEAL by petitioner from *Ward, District Judge,* 29 December 1969 Session, BEAUFORT District Court.

This is a habeas corpus proceeding instituted by the filing of a petition alleging substantially as follows: Petitioner, Mrs. Sue Riggs, is a resident of Durham County, North Carolina, and the paternal aunt of Amy Hope Moore (Amy), three years old. Respondent is a resident of Beaufort County, North Carolina, and is Amy's maternal grandmother. Amy is one of three children (all girls) born to the marriage of Sam Nick Moore and JoAnn Woolard; the said mother died in March 1968 from gunshot wounds and the said father is serving a prison sentence for her murder. In September 1968 in a superior court proceeding involving custody of the two older children, Cowper, J., granted petitioner full and complete custody and control of those two children; Amy was not included when the superior court proceeding was instituted but Judge Cowper set forth in his order that it would be in the best interest of all three of the children to live together but that Amy's custody was not before him. Since September 1968, the two older children have lived with petitioner and her husband in their home near Durham and Amy has resided with her maternal grandparents in Beaufort County. Amy is being reared separately from her two sisters and it would be in her best interest to live in petitioner's home and be reared with her sisters. Although petitioner has asked respondent to permit Amy to "come and live with her sisters," respondent refused. There is considerable animosity between the families of the parents of the children and it would be best that neither of the three reside in Beaufort County. The growth of strong ties between the sisters compels they should all live in the same home and petitioner is well qualified to assume the additional

responsibility of Amy's custody and prays that she be granted full custody of Amy.

The district court entered an order commanding respondent to bring Amy before the court "to the end that the court may inquire as to the custody of Amy Hope Moore and make such orders as may be suitable and proper."

Respondent filed answer containing the following pertinent allegations (summarized): Amy's father was twice convicted of first-degree murder of her mother. Although petitioner was granted custody of the two older children, the petitioner has proven unfit to have custody of either of the children and not only should petitioner not be granted custody of Amy but the custody of the two older children should be transferred to respondent as soon as possible. Animosity exists between the families of Amy's parents and respondent has tried to improve the relationship but petitioner's family has refused to cooperate and continues to criticize and verbally abuse respondent's family. Respondent has been a second mother to the three children from the time of their birth and she is qualified by character and resources to provide a suitable home not only for Amy but for her sisters as well. Respondent prayed (1) that petitioner's request that she be awarded Amy's custody be denied, (2) that respondent be allowed to retain Amy's custody, and (3) that the custody of the other two children be transferred from petitioner to respondent.

Following a hearing, the trial court entered an order denying petitioner the relief prayed for and "confirmed" Amy's custody in her maternal grandparents, Oscar and Mary Woolard. Petitioner appealed from the order.

· *Frazier T. Woolard for petitioner appellant.*

· *Wilkinson & Vosburgh by John A. Wilkinson for respondent appellee.*

BRITT, J.

Petitioner contends that the trial court erred in signing the order appealed from, arguing that its error was in "failing to act in the best interests" of the minor and in refusing to place the minor with her two sisters in the home of petitioner. We think the trial court erred but for reasons other than those argued.

The following legal principles regarding child custody have been well established in this jurisdiction for many years:

[1]    1.   The welfare of the child in controversies involving cus-

tody is the polar star by which the courts must be guided in awarding custody. *Chriscoe v. Chriscoe*, 268 N.C. 554, 151 S.E. 2d 33 (1966).

2. While the welfare of a child is always to be treated as the paramount consideration, the courts recognize that wide discretionary power is necessarily vested in the trial courts in reaching decisions in particular cases. *Swicegood v. Swicegood*, 270 N.C. 278, 154 S.E. 2d 324 (1967).

3. The decision to award custody of a child is vested in the discretion of the trial judge who has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not be upset on appeal absent a clear showing of abuse of discretion. *In re Custody of Pitts*, 2 N.C. App. 211, 162 S.E. 2d 524 (1968).

[2] 4. The findings of the trial court in regard to the custody of a child are conclusive when supported by competent evidence. *Swicegood v. Swicegood, supra*.

5. When the trial court fails to find facts so that the appellate court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967).

[3] The petition in the case before us was filed 15 December 1969, therefore, was subject to Chapter 1153 of the 1967 Session Laws (G.S. 50-13.1, et seq.) which became effective 1 October 1967. But, this enactment by the General Assembly did not alter either of the principles above stated. *In re Custody of Pitts, supra; Greer v. Greer*, 5 N.C. App. 160, 167 S.E. 2d 782 (1969). The institution of the present proceeding invoked the jurisdiction of the District Court of Beaufort County to inquire into the custody of Amy Hope Moore, to determine what custodial arrangement would best serve her welfare, to make findings of fact based on competent evidence with respect thereto, and enter an order awarding her custody to such "person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child." G.S. 50-13.2(a). The order appealed from found no facts; it merely concluded that petitioner's evidence "would not support the relief prayed for and that in the absence of further evidence that the request of petitioner for custody of Amy Hope Moore should be denied and the same is herewith denied and the custody of the child, Amy Hope Moore, is confirmed in her maternal grandparents, Oscar and Mary Woolard."

For the reasons stated, the order appealed from is vacated and this cause is remanded for further proceedings consistent with this opinion. We observe that in the former trial all evidence was presented by affidavits; upon a retrial the judge and counsel would be well advised to consider what was said by this Court in the case of *In re Custody of Griffin,* 6 N.C. App. 375, 170 S.E. 2d 84 (1969).

Error and remanded.

Brock and Hedrick, JJ., concur.