Shamel v. Shamel

---

═══════════

MARY LOU BLEVINS SHAMEL v. LAWRENCE MARTIN SHAMEL

No. 7221DC540

(Filed 30 August 1972)

1. Appeal and Error § 24— abandonment of exceptions

Where an assignment of error is not brought forward in an appellant's brief and no reason or argument is stated or authority cited in support of the exceptions upon which it is based, such exceptions are deemed abandoned. Court of Appeals Rule 28.

2. Appeal and Error § 57— findings of fact — conclusiveness on appeal

Findings of fact made by the trial court which are supported by competent evidence are binding on appeal.

3. Habeas Corpus § 3— custody of minors — limitation of visitation rights — no abuse of discretion

In an action where custody of two minor children was awarded to defendant, the trial court did not abuse its discretion in placing limitations upon plaintiff's visitation rights.

APPEAL by plaintiff from *Alexander, District Judge,* 21 February 1972 Session of District Court held in FORSYTH County.

This civil action was filed by plaintiff-mother against defendant-father to determine custody of two minor children, born in 1963 and 1965. The parties were married in 1950 and lived together until January 1971, when they separated. They have four children, the two oldest being now of age. After hearing evidence presented by both parties, the court awarded custody of the two minor children to defendant, subject to certain visitation rights granted to plaintiff. Plaintiff appealed.

Shamel v. Shamel

*White & Crumpler by James G. White and Michael J. Lewis for plaintiff appellant.*

*Hatfield, Allman & Hall by James W. Armentrout for defendant appellee.*

PARKER, Judge.

[1, 2] Appellant first assigns as error that certain of the findings of fact in the order appealed from are not supported by the evidence. This assignment is not brought forward in appellant's brief and no reason or argument is stated or authority cited in support of the exceptions upon which it is based. Therefore, these exceptions are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals. In any event, examination of the record reveals that there was competent evidence to support all material findings of fact made by the trial court. The weight to be given conflicting evidence was for the trial court to determine, and its findings of fact supported by competent evidence are binding upon this appeal. *In re McCraw Children,* 3 N.C. App. 390, 165 S.E. 2d 1.

The findings of fact made by the trial court fully support its conclusion that defendant is, and plaintiff is not, a fit and proper person to have custody of the two younger children and that the best interests of the children will be served by granting custody to the defendant-father. Accordingly, appellant's second assignment of error is overruled.

[3]   Finally, appellant contends that even if no error was committed in awarding custody of the children to her husband, her visitation rights were too narrowly limited. In granting visitation privileges, as well as in awarding primary custody of minor children, necessarily a wide discretion is vested in the trial judge. His is the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion. *In re Custody of Pitts,* 2 N.C. App. 211, 162 S.E. 2d 524. In view of the evidence in the record before us and in view of the facts found therefrom by the trial judge, the limitations which the court imposed upon plaintiff's visitation rights do not

appear unreasonable. Certainly no abuse of discretion has been shown.

Affirmed.

Judges VAUGHN and GRAHAM concur.