RANDY DEAN McDANIEL v. DIVISION OF MOTOR VEHICLES

No. 8922SC62

(Filed 5 December 1989)

**Automobiles and Other Vehicles § 126.3 (NCI3d)— breathalyzer test — refusal to take until witness arrived — failure to communicate willingness — refusal willful**

Petitioner, having failed to indicate at the time he refused to take the breathalyzer test that he desired to have a witness present, waived his statutory right to delay the test until after his witness arrived, even if the witness arrived within the allowable 30 minute period, and petitioner's refusal, made with full knowledge of his rights, but without explanation, was thus willful within the meaning of N.C.G.S. § 20-16.2(d).

**Am Jur 2d, Automobiles and Highway Traffic §§ 122, 124, 127.**

APPEAL by petitioner from judgment entered 23 August 1988 by *Judge Ralph Walker* in DAVIE County Superior Court. Heard in the Court of Appeals 31 August 1989.

In this civil action petitioner seeks reversal of an administrative ruling by the North Carolina Division of Motor Vehicles rescinding petitioner's driver's license. Pursuant to G.S. 20-16.2(e) a *de novo* hearing was held in Superior Court. The evidence adduced at the hearing tended to show the following facts: Petitioner was involved in an automobile accident in Davie County on 15 January 1988 and was arrested and charged with driving while impaired, a violation of G.S. 20-138.1. Before he was removed from the scene of the accident, petitioner asked one of his friends to get petitioner's father to come to the Davie County jail as a witness.

At the county jail, petitioner was read his rights regarding chemical analysis at 9:06 p.m. and acknowledged that he understood his rights. The petitioner did not request to call an attorney or a witness. At 9:13 p.m. petitioner was asked to take the breathalyzer test. Petitioner refused but he told neither the arresting officer nor the chemical analyst that he wanted to wait till his father arrived to witness the test. Petitioner did not ask to make, or make, any telephone calls. The breathalyzer machine was shut off at 9:23 p.m. and the officer told petitioner that he had wilfully

refused to submit to the breathalyzer examination. Petitioner then told the officer that he would take the test but only when his father arrived. The officer testified that petitioner's father arrived shortly thereafter.

Based on this evidence, the trial court concluded that petitioner had wilfully refused to submit to the breathalyzer test and upheld the revocation of petitioner's driver's license. Petitioner appeals.

*Hall & Vogler, Attorneys at Law, by E. Edward Vogler, Jr., for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert E. Cansler, for respondent-appellee.*

PARKER, Judge.

The sole issue presented on this appeal is whether the trial court erred in finding that petitioner wilfully refused to submit to the breathalyzer analysis. Petitioner contends that he was deprived of his statutory rights under G.S. 20-16.2 when he was written up as a refusal before the expiration of the 30-minute statutory time period. Petitioner further asserts that if he had been allowed to take the test when his father arrived, the test could have been administered within the statutory period.

General Statute 20-16.2 provides that any person charged with driving while impaired and required to submit to a breathalyzer examination "has the right to call an attorney and select a witness to view for him the testing procedures, but the testing may not be delayed for these purposes longer than 30 minutes from the time he is notified of his rights." G.S. 20-16.2(a)(6).

Relying on *Etheridge v. Peters, Comr. of Motor Vehicles*, 301 N.C. 76, 269 S.E.2d 133 (1980), petitioner argues that he was entitled to take the test anytime within the 30-minute period after he was notified of his rights. *Etheridge*, however, is distinguishable on its facts. Unlike petitioner in this case, Etheridge informed the officer at the time he was advised of his rights that he wanted to call a lawyer. Etheridge was then offered the test at the expiration of 20 minutes and again at the expiration of 30 minutes, but refused each time. Thereafter, when 35 minutes had passed, Etheridge elected to take the test, and the officer refused to administer it. In the instant case, when petitioner refused to take the breathalyzer examination at 9:13 p.m., seven minutes after

McDANIEL v. DIVISION OF MOTOR VEHICLES

[96 N.C. App. 495 (1989)]

he had been advised of his rights, he gave no indication whatever that he intended to exercise his right to call a lawyer or have a witness present. Petitioner did not state that he would take the test but only when his father arrived until ten minutes later, at 9:23 p.m., when the officer advised petitioner that he was being written up as a refusal and cut off the machine. The record is devoid of evidence as to what, if anything, occurred during this ten-minute interval. *Seders v. Powell, Comr. of Motor Vehicles*, 298 N.C. 453, 259 S.E.2d 544 (1979), and *In re Vallender*, 81 N.C. App. 291, 344 S.E.2d 62 (1986), cited by petitioner, are similarly distinguishable. In both of these cases, the petitioner indicated a desire to call a lawyer or a witness at the time the petitioner refused the breathalyzer test.

Under G.S. 20-16.2(a)(6), the only purposes for which the test may be delayed are for the defendant to call an attorney and to select a witness to view the test. Since driving while impaired is an implied consent offense, the 30-minute period is a grace period to enable defendant to have the benefit of these statutory purposes. Therefore, to permit a defendant to delay the breathalyzer examination for any period of time without affirmatively indicating his intention to call a lawyer or to have a witness present would be contrary to the express intent of the statute.

In upholding the constitutionality of the 30-minute limitation on the length of the permitted delay, our Supreme Court recognized the State's need to obtain chemical evidence before the metabolic processes of the body obscure such evidence. *Seders v. Powell, Comr. of Motor Vehicles*, 298 N.C. at 463, 259 S.E.2d at 551. For this reason to avoid obstruction of the testing procedure by impermissible delay, the burden must be on the person arrested for driving while impaired to assert at an early stage his intention to exercise his statutory right to a lawyer and witness.

Accordingly, we hold that petitioner, having failed to indicate at the time he refused to take the breathalyzer examination that he desired to have a witness present, waived his statutory right to delay the test until after his witness arrived, even if the witness arrived within the 30-minute period. Petitioner's refusal, made with full knowledge of his rights, but without explanation, was thus wilful within the meaning of G.S. 20-16.2(d).

Although not necessary to our resolution of this appeal, we note with respect to petitioner's second contention that the record

reveals only that petitioner's father arrived a "short time" after petitioner was told that he had refused the breathalyzer test. No evidence in the record shows conclusively, however, that petitioner's father arrived within the 30-minute period.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

Judges WELLS and PHILLIPS concur.