STATE v. MYERS

[118 N.C. App. 452 (1995)]

STATE OF NORTH CAROLINA v. GURNEY GRAY MYERS, JR.

No. COA94-743

(Filed 4 April 1995)

**Automobiles and Other Vehicles § 813 (NCI4th)— request to have wife witness breathalyzer test—refusal—results inadmissible at trial**

The trial court erred in admitting the results of a breathalyzer test in a prosecution of defendant for impaired driving where defendant asked that his wife be permitted to observe the taking of the breathalyzer test; the administering officer's statement that "that might not be a good idea" because she had been drinking was tantamount to a refusal of that request; and the fact that defendant later took the test could not be construed as a waiver of his right to have a witness. N.C.G.S. § 20-16.2(a)(6).

**Am Jur 2d, Automobiles and Highway Traffic §§ 302, 305-308.**

Appeal by defendant from judgment entered 6 April 1994 in Rowan County Superior Court by Judge William H. Helms. Heard in the Court of Appeals 1 March 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Morrow, Alexander, Tash & Long, by Charles J. Alexander, II and Daniel A. Landis, for defendant-appellant.*

GREENE, Judge.

Gurney Gray Myers, Jr. (defendant) appeals from a judgment entered pursuant to a jury verdict, finding him guilty of Driving While Impaired.

On 10 October 1993, North Carolina Highway Patrolman Glenn Hester (Hester) stopped defendant, who was driving his wife and a friend, because defendant's automobile had an expired license plate. Although he observed the defendant walking to the Patrol vehicle, Hester was not suspicious that defendant was drinking until defendant was in the Patrol vehicle and Hester smelled the "obvious odor of alcohol" and noticed that defendant's eyes were bloodshot and his face was flushed. Defendant told Hester that he had consumed five

beers during defendant's day at the Charlotte Motor Speedway. Hester did not conduct any physical tests on defendant, but arrested defendant for driving while impaired, after giving defendant an "Alchosenser test," and transported defendant to the Salisbury Police Department for a breathalyzer test. The breathalyzer test results were .10 and .09.

The defendant was later convicted of "Impaired Driving" in the Rowan County District Court. He appealed the conviction to the Rowan County Superior Court and received a jury trial. Before trial, the defendant made a motion to suppress the results of the breathalyzer test upon which the impaired driving arrest was based, on the grounds that the defendant was denied his right to have a witness of his choice present when the test was administered. The trial court denied the defendant's motion to suppress and allowed the results to be admitted at trial. The trial court also denied the defendant's motion to dismiss, made at the close of the State's evidence and renewed at the end of all the evidence.

In denying the defendant's motion to suppress, the trial court found the following facts which are not disputed:

That the defendant told Officer Hester that he wanted his wife to come into the Breathalyzer room with him, and that Officer Hester said that might not be a good idea because she had been drinking also.

That at that time the defendant's wife and Belinda Cecil left to check on their children who were with a babysitter.

That during the processing of the defendant and the administration of the Intoxalyzer test the defendant was read his rights by Officer Hester regarding the Intoxalyzer and his right to have a witness present.

That the defendant said the only person I want is my wife, but she is gone.

That he did not at any time ask for Belinda Cecil to come in the room, even though she had not had anything to drink.

That Officer Hester, after advising the defendant of his rights and waiting some 22 minutes, asked the defendant if he was ready to perform the test.

That the defendant responded, don't you have to wait 30 minutes? Officer Hester then said, only for a witness. Do you want to contact a witness? And the defendant said no, that he was ready to take the test.

The trial court then concluded as a matter of law that "the defendant's right to have a witness view the testing procedures was not violated by the conduct of Officer Hester."

The defendant's sole assignment of error raises the issue of whether the trial court's order was supported by its findings. *See In re Morrison*, 6 N.C. App. 47, 49, 169 S.E.2d 228, 230 (1969) (appeal from order presents issue of whether it is supported by findings of fact).

The issue presented is whether the findings can support the conclusion that the "defendant's right to have a witness view the testing procedures was not violated by the conduct of Officer Hester."

During the administration of a breathalyzer test, the person being tested has the right to "call an attorney and select a witness to view for him the testing procedures." N.C.G.S. § 20-16.2(a)(6) (1993). This statutory right may be waived by the defendant, *see McDaniel v. Division of Motor Vehicles*, 96 N.C. App. 495, 497, 386 S.E.2d 73, 75 (1989) (defendant's failure to indicate desire to have a witness present is waiver), *cert. denied*, 326 N.C. 364, 389 S.E.2d 815 (1990); *State v. Sykes*, 285 N.C. 202, 208, 203 S.E.2d 849, 853 (1974) (express statement by defendant that he does not want a witness is waiver), but absent waiver, denial of this right requires suppression of the results of the breathalyzer test. *See State v. Shadding*, 17 N.C. App. 279, 283, 194 S.E.2d 55, 57 (failure to advise defendant of statutory rights requires suppression of test results), *cert. denied*, 283 N.C. 108, 194 S.E.2d 636 (1973).

In this case the defendant unequivocally asked that his wife be permitted to observe the taking of the breathalyzer test. Hester's statement that "that might not be a good idea" was tantamount to a refusal of that request and Hester had no right to refuse the request. The right to choose a witness is a choice within the sole province of the defendant and unless there is some evidence that the witness would disrupt the taking of the test, the defendant has the right to have the witness of his choice present. In this case, there is no evidence that the defendant's wife would have disrupted the testing procedures. Furthermore, the fact that he later did take the breathalyzer,

after he was first refused permission to have his wife witness the test, cannot be construed to be a waiver of his right to have a witness. Thus, the findings and evidence support a conclusion contrary to that entered by the trial court, as the defendant was denied his right to have his wife witness the breathalyzer.

Accordingly, the trial court erred in admitting the results of the breathalyzer test at trial. Without the breathalyzer test results, the State's case rests solely upon the odor of alcohol Hester detected on defendant and defendant's bloodshot eyes and flushed face. In light of the scarcity of evidence remaining without the breathalyzer test, there is a reasonable possibility that a different result would have been reached without the results. *See* N.C.G.S. § 15A-1443(a) (1988). Thus, the admission of the results was prejudicial error requiring a new trial.

New trial.

Judges COZORT and LEWIS concur.