STATE OF NORTH CAROLINA v. KEVIN MATTHEW BUCKHEIT, Defendant

No. COA12-465

(Filed 6 November 2012)

**1. Appeal and Error—untimely receipt of transcript—clerk's error—certiorari**

The Court of Appeals granted a writ of certiorari so that defendant's appeal could be heard despite an untimely receipt of the transcript where the delay was due to an error in the trial court clerk's notification of the court reporter to prepare the transcript.

**2. Motor Vehicles—driving while impaired—intoxilyzer test—witness**

Defendant's intoxilyzer results should have been suppressed where defendant requested a witness to the test, defendant's witness timely arrived and made reasonable efforts to gain access to defendant, and was prevented from doing so.

On writ of certiorari to review denial of motion to suppress entered 25 October 2011 by Judge Orlando F. Hudson, Jr. and judgment entered 3 November 2011 by Judge W. Allen Cobb, Jr. in Wake County Superior Court. Heard in the Court of Appeals 8 October 2012.

*Roy Cooper, Attorney General, by John W. Congleton and Joseph L. Hyde, Assistant Attorneys General, for the State.*

*Kyle S. Hall, for defendant—appellant.*

MARTIN, Chief Judge.

Defendant Kevin Matthew Buckheit appeals the 25 October 2011 denial of his motion to suppress intoxilyzer results obtained by the State and the subsequent 31 October 2011 judgment entered upon his plea of guilty to impaired driving in violation of N.C.G.S. § 20-138.1. Defendant specifically notified the State and the trial court of his intent to appeal, thereby preserving that right, despite pleading guilty. *See* N.C. Gen. Stat. § 15A-979(b) (2011); *State v. McBride*, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404-05 (1995), *aff'd*, 344 N.C. 623, 476 S.E.2d 106 (1996).

The facts in this case are not disputed. The unchallenged findings of fact contained in the order denying defendant's motion to suppress are that:

1. The Defendant was arrested for driving while subject to an impairing substance by Trooper I. J. Cooper of the North Carolina State Highway Patrol on October 17, 2009 at approximately 10:13 p.m.

2. The Defendant was then transported by Trooper Cooper to the Wake County Public Safety Center for the administration of an intoxilyzer test and for other processing to be completed.

3. At 10:33 p.m. the Defendant was advised of his rights by Trooper Cooper with regard to the administration of the intoxilyzer test, including the right to have a witness present for the administration of the test, and at 10:39 p.m. the Defendant in the presence of Trooper Cooper was able to make contact by telephone with a friend, Leslie Orcutt, and asked her to come to witness the administration of the test.

4. At 10:52 p.m. Ms. Orcutt arrived in the lobby of the Wake County Public Safety Center and told an officer working at the desk in the lobby that she was there to be a witness for Kevin Buckheit who had been arrested for driving while impaired. The officer told Ms. Orcutt that the Defendant was being processed and that she should wait in the lobby.

5. At 10:58 p.m. Ms. Orcutt sent the Defendant a text message from her cellphone to the cellphone of the Defendant saying that she was in the lobby. She got no response from the Defendant.

6. The Defendant informed Trooper Cooper that he did not want to take the intoxilyzer test before talking to his witness, Ms. Orcutt, and at 11:03 p.m. the Defendant again attempted to call Ms. Orcutt but was unable to make contact with her.

7. At 11:09 p.m. the Defendant was asked by Trooper Cooper to submit to the intoxilyzer test, approximately 36 minutes after he was advised of his rights with respect to taking the test. At the time the test was administered, the Defendant's witness, Ms. Orcutt, was in the lobby area of the Wake County Public Safety Center.

8. At no time did Trooper Cooper call up to the front desk in the lobby of the Wake County Public Safety Center to find out if anyone was present to witness the intoxilyzer test, and at no time did anyone contact Trooper Cooper about a witness being present to observe the testing procedure.

9. While waiting in the lobby as instructed, the witness, Leslie Orcutt, asked the officer working at the front desk in the lobby multiple times if she needed to do anything in reference.to being a witness for the Defendant and was told that she did not need to do anything.

10. The witness, Ms. Orcutt, was able to see the Defendant a little before 12 a.m. on October 17, 2009 as he was being released from the Wake County Public Safety Center.

Based on these findings, the trial court concluded:

1. The actions or inactions of Trooper Cooper did not constitute a violation of the Defendant's rights under G.S. 20-16.2.

2. The Defendant's constitutional rights under *State v. Ferguson*, 90 N.C.App. 513, 323 N.C.367 [sic] (1988), were not violated.

3. The Defendant was not prejudiced in the preparation of his defense.

After careful review, we reverse.

---

**[1]** Defendant seeks review by petition for writ of certiorari. Defendant's petition was occasioned by an error in the trial court clerk's notification of the court reporter to prepare the transcript, such that the transcript was untimely received. As the error was due to no fault of defendant, and as the record reveals that defendant otherwise properly gave notice of appeal, we grant defendant's petition for certiorari pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . .").

**[2]** Defendant's sole issue on appeal is whether the trial court erred by denying his motion to suppress when the evidence was obtained in violation of his statutory and constitutional rights to have his selected witness present during the testing proceedings.

When a defendant challenges a trial court's denial of a motion to suppress, but not the findings of fact, our review is limited to a *de novo* determination of whether the trial court's factual findings support its conclusions of law. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982); *State v. Pickard*, 178 N.C. App. 330, 333-34, 631 S.E.2d 203, 206, *appeal dismissed and disc. review denied*, 361

N.C. 177, 640 S.E.2d 59 (2006). The unchallenged findings of fact are "presumed to be correct." *State v. Downing,* 169 N.C. App. 790, 794, 613 S.E.2d 35, 38 (2005) (quoting *Inspirational Network, Inc. v. Combs,* 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998)).

N.C.G.S. § 20-16.2(a) concerns chemical analyses in implied consent offenses, such as impaired driving, and provides in part that:

> Before any type of chemical analysis is administered the person charged shall be taken before a chemical analyst authorized to administer a test of a person's breath or a law enforcement officer who is authorized to administer chemical analysis of the breath, who shall inform the person orally and also give the person a notice in writing that:
>
> . . . .
>
> (6) You may call an attorney for advice and select a witness to view the testing procedures remaining after the witness arrives, but the testing may not be delayed for these purposes longer than 30 minutes from the time you are notified of these rights. You must take the test at the end of 30 minutes even if you have not contacted an attorney or your witness has not arrived.

N.C. Gen. Stat § 20-16.2(a) (2011). If a witness is selected to view the testing procedures, then that witness "must make reasonable efforts to gain access to the defendant." *State v. Hatley,* 190 N.C. App. 639, 642—43, 661 S.E.2d 43, 45 (2008) (citing *State v. Ferguson,* 90 N.C. App. 513, 519, 369 S.E.2d 378, 382, *appeal dismissed and disc. review denied,* 323 N.C. 367, 373 S.E.2d 551 (1988)). "Although a defendant may waive the statutorily prescribed right to select a witness, the denial of the right requires suppression of the intoxilyzer results." *Id.* at 643, 661 S.E.2d at 45 (citing *State v. Myers,* 118 N.C. App. 452, 454-55, 455 S.E.2d 492, 493-94, *disc. review denied,* 340 N.C. 362, 458 S.E.2d 195 (1995); *State v. Gilbert,* 85 N.C. App. 594, 597, 355 S.E.2d 261, 263 (1987); *State v. Shadding,* 17 N.C. App. 279, 283, 194 S.E.2d 55, 57, *cert. denied,* 283 N.C. 108, 194 S.E.2d 636 (1973)).

In *State v. Hatley* the defendant was arrested for impaired driving and taken to the local sheriff's office for chemical analysis via an intoxilyzer. *Hatley,* 190 N.C. App. at 640, 661 S.E.2d at 44. The defendant was apprised of her rights, opted to call a witness, and reached her selected witness by telephone. *Id.* The defendant made the chemical analyst aware that her witness had been contacted and was en route to observe the test. *Id.* at 641, 661 S.E.2d at 44. When the wit-

**STATE v. BUCKHEIT**

[223 N.C. App. 269 (2012)]

ness "timely arrived" at the sheriff's office, she indicated to the officer on duty at the front desk that she was "there for [defendant]" for "a DUI." *Id.* at 644, 661 S.E.2d at 46. The front desk officer simply told the witness where to wait and the witness did not observe the administration of the intoxilyzer test. *Id.* Based on those facts, this Court reversed the trial court's denial of the defendant's motion to suppress the intoxilyzer results. *Id.*

In the instant case, after being arrested, defendant was made aware of his rights under N.C.G.S. § 20-16.2(a) and chose to have a witness present. In the presence of the arresting officer, defendant made contact with his selected witness by telephone and asked her to come and witness the administration of the intoxilyzer test. Less than twenty minutes from the time defendant was apprised of his rights, his selected witness arrived in the lobby of the Wake County Public Safety Center. The witness told the officer at the front lobby desk that she was there to be a witness for defendant who had been arrested for driving while impaired. The officer told the witness to wait in the lobby. The witness then asked the front desk officer multiple times if she needed to do anything in reference to being a witness for defendant. Defendant's witness was not present when the intoxilyzer test was administered, because she was still being told to wait in the lobby of the Wake County Public Safety Center.

The instant case is indistinguishable from *Hatley*, 190 N.C. App. 639, 661 S.E.2d 43. We hold that after her timely arrival, defendant's witness made reasonable efforts to gain access to defendant, *see id.* at 642-44, 661 S.E.2d at 45-46, but was prevented from doing so, and therefore, the intoxilyzer results should have been suppressed, *see id.* at 643, 661 S.E.2d at 45. The State concedes the trial court's denial of defendant's motion to suppress was erroneous. The trial court's findings of fact do not support its conclusions of law, so we reverse the denial of defendant's motion to suppress and vacate the judgment entered upon defendant's guilty plea.

Reversed and judgment vacated.

Judges STEELMAN and ERVIN concur.