IN THE MATTER OF: McCRAW CHILDREN: VALERIE CLAIRE AND
CARL GREAVES, III

No. 6826SC410

(Filed 15 January 1969)

**1. Appeal and Error § 57— conclusiveness of findings supported by evidence**

Findings of fact by the trial court are conclusive on appeal if supported by any competent evidence, and judgment supported by such findings will be affirmed even though there is evidence to the contrary or some incompetent evidence may have been admitted.

**2. Divorce and Alimony § 24; Infants § 9— custody proceedings — failure to find one parent "abandoned" the other**

In a proceeding to determine the custody of minor children, failure of the court to find that petitioner "abandoned" respondent rather than merely finding that "the parents separated" is not error, since the determining factor in custody proceedings is the welfare of the children and not the technicality of which parent was at fault in bringing about the state of separation.

**3. Appeal and Error § 25— exception to favorable ruling**

Where the order in custody proceedings granted primary custody of minor children to the mother, the father's assignments of error to portions of the order granting the father visitation rights are ineffectual, since a party may not take exception to a ruling of the court in his favor.

**4. Divorce and Alimony § 24; Infants § 9— custody proceedings — evidence of adultery**

Evidence of adulterous conduct is relevant upon an inquiry of fitness of a person for the purpose of awarding custody of minor children.

**5. Divorce and Alimony § 24; Infants § 9— conclusiveness of custody determination**

In custody proceedings, the trial judge is present where he can observe and hear the parties and their witnesses, and ordinarily his determination of custody will be upheld if supported by competent evidence.

**6. Divorce and Alimony § 24; Infants § 9— custody proceedings — effect of proof of adultery**

In a custody proceeding in which the petitioner admitted that she had committed adultery, failure of the court to make findings in its order awarding custody to petitioner that she had committed adultery is not error, since the establishment of adultery does not *eo instanti juris et de jure* render the guilty party unfit to have custody of minor children.

**7. Divorce and Alimony § 23— support of minor children — determination of reasonable needs**

In proceedings in which the custody of two minor children was awarded to petitioner, petitioner's testimony that while she, respondent and their two children lived together, respondent gave her $800 each month to pay the expenses of groceries and running the house is incompetent to estab-

lish the reasonable needs of the children, and where no competent evidence of the needs of the children was before the court, an award to petitioner of $1000 per month for support of the children is erroneous.

APPEAL by respondent, Carl Greaves McCraw, Jr., from *Grist, J.,* 13 May 1968 Schedule "C" Session, MECKLENBURG Superior Court.

This proceeding was originally instituted by Patricia Tafe McCraw in the Mecklenburg County Domestic Relations Court on 20 February 1968 by petition wherein she sought to have custody of the two minor children awarded to her. By order dated 10 April 1968, the Domestic Relations Court awarded primary custody of the two minor children to the respondent, Carl Greaves McCraw, Jr., with certain rights of visitation reserved to petitioner. From this order petitioner appealed to the Superior Court.

Pending petitioner's appeal from the Domestic Relations Court, she instituted a separate action in the Superior Court on 15 May 1968 (Patricia Tafe McCraw v. Carl Greaves McCraw, Jr.) seeking, under G.S. 50-16.1, *et seq.,* alimony, support for the minor children (she did not pray for custody in this action), a writ of assistance to obtain possession of the residence, and for counsel fees.

The appeal from the Domestic Relations Court and the separate action under 50-16.1, *et seq.,* were consolidated by consent for hearing in the Superior Court; however, at the conclusion of the hearing a separate order was entered in each case by Judge Grist.

Both parties were afforded ample opportunity to offer witnesses in their own behalf and to cross-examine witnesses offered by the other. The hearing was complete in developing each party's contentions and accusations against the other. Counsel for both parties were diligent in representing the interests of their respective clients, and the trial judge was patient in presiding over the hearing. We do not choose to summarize and preserve here the substance of the revealing testimony.

In the action for alimony, etc., instituted in the Superior Court Judge Grist made findings of fact which are not the subject of exceptions by either party. The order entered in that action was a *pendente lite* order, and no appeal is undertaken from it by either party; it is therefore not before this Court for review.

In the hearing *de novo* upon the appeal by Patricia Tafe McCraw from the Domestic Relations Court, Judge Grist entered an order finding that she was a fit and proper person to have custody

of the two minor children, and awarded their primary custody to her.

The respondent, Cary Greaves McCraw, Jr., appealed to this Court from the findings and entry of the custody order granting primary custody to Patricia Tafe McCraw, and awarding support to her for the two minor children.

*Reginald S. Hamel and Ernest S. DeLaney, Jr., for Patricia Tafe McCraw, petitioner appellee.*

*Warren C. Stack, by James L. Cole, for Carl Greaves McCraw, Jr., respondent appellant.*

BROCK, J.

[1]   Respondent appellant sets forth twenty-nine assignments of error, the first nine of which are addressed to what respondent labels as findings of fact by the trial judge. The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence to the contrary, or even though some incompetent evidence may have been admitted. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 223. Appellant recognizes this rule to some extent, for he specifically abandons assignments of error numbers 2 and 5.

Assignments of error numbers 1, 3 and 4 are based upon exceptions to findings of fact numbers 3, 5 and 6. These findings are as follows:

"3.   The parents separated on February 16, 1968 and since that time have lived separate and apart.

"5.   Patricia Tafe McCraw has been an excellent mother to her children. She has been attentive to their health and needs and she has spent many hours playing with the children; she has taken them to Sunday School regularly; she has seen that they had friends to play with; she has regularly read to the children at bedtime.

"6.   According to all the witnesses, including several mothers of good character in the community and the father of the children, the relationship between the children and their mother has been and is excellent and the court finds this to be a fact."

[2]   Respondent complains that the court found that "the parents separated" instead of finding that petitioner "abandoned" respondent, in accordance with a finding tendered by respondent. According to

Webster's Third New International Dictionary (1968) to separate means "to set or keep apart," "to sever conjugal ties," "to cause to live apart." It may be true that the finding by the court would connote to the legal profession that the separation was by mutual conduct, or at least not the result of an abandonment of one by the other. But in the proceeding *sub judice* we are not dealing with an order for alimony or a decree of absolute divorce; we are concerned with an order awarding custody of two minor children to one of the parents. The crux of the finding is that the parents are living in a state of separation, whatever the cause may have been. All of the evidence was before the trial judge, and we conceive that had he found as requested by respondent it would not have affected the award of custody. In a custody hearing it is the welfare of the children which is the concern of the courts, not the technicality of which parent was at fault in bringing about the state of separation. Assignment of error number 1 is overruled.

The first sentence of finding number 5 is clearly a conclusion of the trial judge drawn from the remainder of findings numbers 5 and 6. The remainder of findings numbers 5 and 6 are supported by plenary evidence, and therefore the assignments of error numbers 3 and 4 are overruled.

Respondent contends by his assignments of error numbers 6 and 7 that there is no evidence to support findings numbers 9 and 11. These findings are as follows:

"9. The mother is a fit and suitable person to have primary custody, care and control of the two minor children.

"11. The best interests and welfare of the minor children will be served by placing them in the primary custody and control of their mother and by giving the father partial custody and visitation rights."

Though not so denominated these are clearly conclusions drawn by the trial judge from the facts, and are supported by the facts, previously found. Assignments of error numbers 6 and 7 are overruled.

Assignments of error numbers 8, 9 and 13 are in substance addressed to the same subject matter; the subject of support payments by respondent to petitioner for the two minor children. We will return to a discussion of these three assignments of error later in this opinion.

[3] Assignments of error numbers 11 and 12 are to two portions of the order which grant visitation rights to the respondent. Having

awarded primary custody of the two children to petitioner the two portions of the order providing for visitation rights are beneficial to respondent. "A party may not take exception to a ruling of the court in his favor. . . ." 1 Strong, N. C. Index 2d, Appeal and Error, § 25, p. 150. Assignments of errors numbers 11 and 12 are overruled.

Respondent's assignment of error number 10 is addressed to the order of the court in which primary custody of the children is awarded to petitioner. This assignment, along with assignments of error numbers 14 through 24 which are addressed to the refusal of the court to make tendered findings of fact, and along with assignments of error numbers 25 through 27 which are addressed to the refusal of the court to make tendered conclusions of law, present the main thrust of this appeal and consumed almost the entire oral argument.

[6]   In substance respondent contends that the court should have found that petitioner had committed adultery and was therefore not a fit and proper person to have the care, custody and control of the children. As stated earlier, the order entered in the action under G.S. 50-16.1, *et seq.,* (Patricia Tafe McCraw v. Carl Greaves McCraw, Jr.) is not before us for review, but the pleadings and the order entered in that case are included in the record on appeal. In the *pendente lite* order in that case Judge Grist found as facts that Mrs. McCraw had committed acts of adultery, and that Mrs. McCraw had abandoned Mr. McCraw without just cause or provocation.

It is respondent's contention that the two orders, entered upon the same evidence after a joint hearing, are inconsistent. Respondent urges with much fervor that the petitioner having been found by Judge Grist to have committed adultery and abandoned her husband, that Judge Grist committed an error of law and exceeded his discretionary authority in thereafter refusing to make the same findings in the custody proceeding. Respondent contends that such findings would, as a matter of law, preclude an award of custody of the two children to Mrs. McCraw. Respondent cites *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871, as establishing the rule that a finding of adultery on the part of one spouse impels a finding of unfitness for custody on the part of that spouse. We do not agree with such an interpretation. *Thomas* merely holds that such a finding of adultery is sufficient to support a conclusion that the guilty party is unfit to have custody. There are many findings which would be sufficient to support a conclusion of unfitness, but it does not follow that they would always impel such a conclusion.

**[4-6]**    Evidence of adulterous conduct, like evidence of other conduct, is relevant upon an inquiry of fitness of a person for the purpose of awarding custody of minor children to him or to her. But in a custody proceeding it is not the function of the courts to punish or reward a parent by withholding or awarding custody of minor children; the function of the court in such a proceeding is to diligently seek to act for the best interests and welfare of the minor child. The trial judge is present where he can observe and hear the parties and their witnesses, and ordinarily his decision on custody will be upheld if supported by competent evidence. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73. It clearly appears from petitioner's own testimony that she was for a period of time untrue to her marriage vows, but nowhere is there any indication that she was ever neglectful of the care of her children. The establishment of adultery does not *eo instanti juris et de jure* render the guilty party unfit to have custody of minor children.

**[6]**    As stated earlier, Judge Grist's findings of fact are supported by competent evidence, and the findings of fact support his conclusions of law with respect to the award of custody. The finding requested by respondent which he considers crucial (that petitioner had committed acts of adultery) would be supported by the evidence before the judge and may have been a proper finding, but it was not a necessary finding. The evidence was before the judge and certainly his finding in the other case indicates his complete awareness of the evidence. Nevertheless, after a full hearing, in the exercise of his sound discretion he awarded primary custody of the children to petitioner. Respondent has shown no prejudice by the failure of the trial judge to make such findings as were tendered and refused; there is no reason to believe the results would have been different. Respondent's assignments of error numbers 10, and 14 through 27 are overruled.

**[7]**    Respondent's assignments of error numbers 8, 9 and 13, which we deferred until this point, concern the award of support payments. Judge Grist found that respondent received an annual salary of $36,000.00, and had additional income in excess of $15,000.00 last year. There was no exception to this finding of fact. The judge then concluded that the sum of $1,000.00 per month was a reasonable sum for respondent to pay to petitioner for support of the two children. There is no contention that respondent cannot afford to pay the $1,000.00 monthly, but respondent assigns as error that this conclusion is not based upon any finding of fact. Respondent further assigns as error that there was no competent evidence before the

judge from which he could make a finding as to the needs of the two children. These assignments of error are well taken.

Petitioner testified, over respondent's objection, that while she, respondent, and the two children were living together, respondent gave her $800.00 each month to pay the expenses of groceries and of running the house. This testimony was incompetent to establish the reasonable needs of the children; and no other evidence was offered.

The order as it relates to the award of custody and visitation rights is affirmed; but, insofar as the order relates to support payments, it is vacated and this cause is remanded to the Superior Court of Mecklenburg County for a hearing upon competent evidence to determine appropriate payments to be made by respondent to petitioner for the support of the two minor children.

Affirmed as to the award of custody.

Reversed and remanded as to the support payments.

BRITT and PARKER, JJ., concur.