SAMUEL WAYNE PASCHALL v. CORA CHOPLIN PASCHALL (WALTERS)

No. 7414DC79

(Filed 20 March 1974)

**1. Divorce and Alimony § 24— child custody — welfare of child controlling**
  The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody.

2. **Divorce and Alimony § 24— child custody — adulterous relationship of mother — effect on child**

In a proceeding to determine child custody evidence was sufficient to support the trial court's finding that defendant carried on an adulterous relationship with a man and that defendant's child was old enough to have some partial understanding as to the nature of the relationship, and the court could reasonably conclude that such relationship was likely to and did create emotional difficulties for a young child.

3. **Divorce and Alimony § 24— child custody — fitness of father to have custody**

Evidence that plaintiff had taken proper care of his daughter when she visited him, that he had made regular payments for her support, and that he and his present wife could provide a proper home for the child was sufficient to support the trial court's finding that plaintiff was a fit and proper person to have custody of the minor child.

4. **Divorce and Alimony § 24— child custody — material change in circumstances**

Where defendant claimed that her adulterous relationship began in 1970 but plaintiff offered no evidence of the adultery at the 1971 divorce trial, defendant's contention that there was no material change of circumstances since the divorce decree is without merit, since the circumstances found by the trial court to exist in 1973 were materially different from the circumstances which the court found to exist at the 1971 divorce trial.

APPEAL by defendant from *Moore, Judge,* 9 April 1973 Session of District Court held in DURHAM County.

Plaintiff has filed a motion in his divorce action seeking the exclusive custody of his minor daughter, Tonya Waynette Paschall. The divorce was granted on 26 July 1971 on the ground of one year's separation, and the defendant was awarded custody of the child with visitation rights to plaintiff. Both plaintiff and defendant were found to be fit and suitable to have custody of the child, but the court found that the best interest of the child required that she be placed with her mother.

In his motion for a change of custody, filed 15 March 1973, plaintiff has alleged that defendant was maintaining an adulterous relationship with James Ronald Walters and the exposure of the child to such relationship was emotionally disturbing and detrimental to the best interest and welfare of the child. He further alleged that defendant was no longer a fit and proper person to have custody of their daughter and that he was in a position to provide an environment more suitable to her physical and emotional needs.

At the hearing upon plaintiff's motion, both parties presented evidence. At the conclusion of the hearing the court entered an order awarding custody of the child to plaintiff with visitation privileges to defendant. Defendant has appealed to this Court.

*Blackwell M. Brogden for plaintiff appellee.*

*Charles Darsie for defendant appellant.*

BALEY, Judge.

[1] "The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody." *In re Moore,* 8 N.C. App. 251, 253-54, 174 S.E. 2d 135, 137; *accord, Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221; *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73. Frequently a determination of what represents the best welfare of the child is a most difficult decision. The trial court has the opportunity to observe all parties and evaluate the living, breathing evidence which sometimes appears differently in cold print. If the evidence supports the findings of fact by the trial court and those findings of fact form a valid basis for the conclusions of law, the judgment entered will not be disturbed on appeal.

[2] The evidence clearly supports the finding of the court that defendant had "committed a continuous course of adulterous relations with . . . James Ronald Walters." Defendant was called as a witness for plaintiff, and in her testimony she admitted that she had been dating Walters, a married man, since 1970; that she had spent the night with him in his house trailer several times; and that she had had intercourse with him periodically. The court also found that "said adulterous relationship . . . has created emotional problems that are detrimental to the best interest and welfare of said minor child." Defendant testified that when she went to spend the night in Walters' house trailer, she usually took Waynette with her. On these nights she would get into bed with Waynette, wait in bed for a while, climb out of bed and go to Walters' room and have intercourse with him and then get back into bed with Waynette. She and Waynette would get up at six or seven in the morning to return home from Walters' trailer. Waynette was born on 4 October 1965, and in late 1972 and in 1973, when most of these visits occurred, she was old enough to have some partial

understanding of the nature of her mother's relationship with Walters. The court could reasonably conclude that such a relationship was likely to and did create emotional difficulties for a young child.

[3] There is competent evidence supporting the court's finding that plaintiff was a fit and proper person to have custody of Waynette. Patty Holsonback, a neighbor of plaintiff, testified that plaintiff and Waynette were "a loving couple." She also stated that plaintiff's present wife, whom he married in 1972, "would make a fine mother" for Waynette. Plaintiff's own testimony tended to show that he had taken care of Waynette properly when she visited him; that he had made regular payments for her support; and that he and his present wife could provide a proper home environment for his daughter.

Defendant vigorously contests the conclusion of the court that because of her adulterous relationship with James Ronald Walters and the consequent emotional difficulties which the court found were caused for her daughter that she was no longer a fit and proper person to have the custody of the child, citing the cases of *Savage v. Savage,* 15 N.C. App. 123, 189 S.E. 2d 545, *cert. denied,* 281 N.C. 759, 191 S.E. 2d 356; *In re McCraw Children,* 3 N.C. App. 390, 165 S.E. 2d 1; and *In re Custody of Pitts,* 2 N.C. App. 211, 162 S.E. 2d 524. These cases held only that a parent who commits adultery does not automatically, per se, become unfit to have custody of children. Instead of applying any such inflexible rule, the court must consider all the facts of the case and decide the issue in accordance with the best interests of the child. In this case the court found that the mother's adultery had created emotional problems for the child, and it declared the mother unfit for custody. In another case, when the parent's illicit relationship was kept secret from the child, the court might hold that the parent was fit for custody despite the adultery. The trial court has broad discretion in deciding individual cases involving child custody. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324; *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *In re Moore, supra.*

[4] In its conclusions of law, the trial court stated that because of "the material change of circumstances that has occurred since July 26, 1971," the date of the divorce decree, plaintiff should be granted custody of Waynette. Defendant contends that since her relationship with Ronald Walters began in 1970, there has in reality been no material change of circumstances since the

divorce was granted, and thus the court's conclusions of law are erroneous. This contention is without merit. It may be that plaintiff did not know of defendant's adultery when he obtained his divorce, or it may be that he knew about it but could not prove it. But whatever the reasons for his failure to offer evidence of adultery at the 1971 divorce trial, the child should not be penalized. Such a decision would actually be more harmful for the child than for plaintiff. A child should not be placed in the custody of an unfit parent merely because the other parent failed to introduce evidence at the proper stage of the litigation. *See Munson v. Munson*, 27 Cal. 2d 659, 666-67, 166 P. 2d 268, 272 (1946); *Wendland v. Wendland*, 29 Wis. 2d 145, 157-58, 138 N.W. 2d 185, 191-92 (1965); Annot., 9 A.L.R. 2d 623 (1950). In this case the present circumstances are materially different from the circumstances which the court found to exist at the 1971 divorce trial, and this is sufficient to support the action of the trial court in directing a change of custody.

The order awarding custody to plaintiff is affirmed.

Affirmed.

Judges CAMPBELL and HEDRICK concur.