KENNETH GARLAND OWEN v. SHIRLEY ANN OWENBY
WATKINS OWEN

No. 7630DC409

(Filed 20 October 1976)

**Divorce and Alimony § 24— child custody — subsequent hearing on change of custody — circumstances existing prior to original order — evidence inadmissible**

   In a hearing on a motion by plaintiff's parents seeking to have custody of plaintiff's and defendant's child awarded to them, the trial court did not err in excluding evidence of circumstances and plaintiff's conduct at times prior to the original order giving plaintiff custody of the child.

APPEAL by movants, Garland Owen and Edna Owen, from *McDarris, Judge.* Order entered 5 January 1976 in District Court, JACKSON County. Heard in the Court of Appeals 22 September 1976.

   The movants are the mother and father of plaintiff in the above-entitled cause. The above action was instituted for absolute divorce and for custody of one minor child, Tammy Lynn Owen, born of the marriage of plaintiff and defendant. On 28 July 1975 District Judge Robert Leatherwood entered a judgment granting plaintiff an absolute divorce from defendant and granting plaintiff custody of Tammy Lynn Owen. Upon trial of the divorce action, Edna Owen, the feme movant, testified for the plaintiff.

   On 26 November 1975 the feme movant and her husband filed a motion in this cause alleging that their son, the plaintiff, is not a fit and proper person to have custody of Tammy Lynn Owen and seeking to have her custody awarded to them. From the order finding facts against their contentions, dismissing their motion, and continuing custody with plaintiff, the movants have appealed.

   *Pope & Brown, by Ronald C. Brown, for the plaintiff.*

   *Jones, Jones & Key, by R. S. Jones, Jr., for the movants.*

BROCK, Chief Judge.

   Movants are the mother and father of plaintiff and the paternal grandparents of the child whose custody is in question.

Owen v. Owen

On 28 July 1975, with the feme movant testifying for plaintiff, custody of the minor child was awarded to plaintiff. Approximately four months later the feme movant joined in this motion in the cause seeking to have custody awarded to the paternal grandparents.

At the hearing on this motion in the cause, the trial judge excluded movants' evidence of circumstances and plaintiffs' conduct at times prior to the original order on 28 July 1975. These rulings by the trial judge are the basis of movants' arguments on appeal.

The law is clear that "[w]hile a decree making a judicial award of the custody of a child determines the present rights of the parties to the contest, it is not permanent in its nature, and may be modified by the court in the future as subsequent events and the welfare of the child may require." *Hardee v. Mitchell*, 230 N.C. 40, 51 S.E. 2d 884 (1949). Nevertheless, "[a] decree of custody is entitled to such stability as would end the vicious litigation so often accompanying such contests, unless it be found that some change of circumstances has occurred affecting the welfare of the child so as to require modification of the order. To hold otherwise would invite constant litigation by a dissatisfied party so as to keep the involved child constantly torn between parents and in a resulting state of turmoil and insecurity. This in itself would destroy the paramount aim of the court, that is, that the welfare of the child be promoted and subserved." *Shepherd v. Shepherd*, 273 N.C. 71, 159 S.E. 2d 357 (1968). In reversing an order modifying a former custody order, our Supreme Court has said:

" . . . . There is no evidence the fitness or unfitness of either party had changed between the hearings. There is no evidence the needs of the boys had changed during that time, or that they were not properly cared for by the father.

"A judgment awarding custody is based upon the conditions found to exist at the time it was entered. The judgment is subject to such change as is necessary to make it conform to changed conditions when they occur." *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332 (1965).

Movants argue that our holding in *Paschall v. Paschall*, 21 N.C. App. 120, 203 S.E. 2d 337 (1974), permits the use of evidence of circumstances and conduct in existence and occurring

prior to the former order in a hearing on a motion to modify the former order. Movants point specifically to the following language in *Paschall:* "It may be that plaintiff did not know of defendant's adultery when he obtained his divorce, or it may be that he knew about it but could not prove it. But whatever the reasons for his failure to offer evidence of adultery at the 1971 divorce trial, the child should not be penalized. Such a decision would actually be more harmful for the child than for the plaintiff. A child should not be placed in the custody of an unfit parent merely because the other parent failed to introduce evidence at the proper stage of the litigation." *Paschall, supra,* p. 124. Admittedly, when taken out of context, the foregoing language seems to paint with a broad brush. It should be remembered, however, that an opinion must be read in the light of the factual situation it addressed.

In *Paschall* plaintiff (husband) obtained an absolute divorce from defendant (wife) on 26 July 1971. Custody of their minor daughter, age five years and nine months, was awarded to the defendant (wife). On 15 March 1973 plaintiff filed a motion for change of custody, alleging that defendant was maintaining an adulterous relationship with James Ronald Walters and that the exposure of the child to such relationship was emotionally disturbing and detrimental to the best interest and welfare of the child. In *Paschall* defendant testified that she in fact was maintaining an adulterous relationship with James Walters. She testified that when she went to spend the night in Walters' house trailer, she usually took her daughter with her. On these nights she would get into bed with her daughter, wait in bed for awhile, climb out of bed and go to Walters' room, have sexual intercourse with him, and get back into bed with her daughter. She and her daughter would get up at six or seven the next morning and return home. Most of these visits occurred in late 1972 and in 1973. It was upon the basis of this conduct that the trial judge in *Paschall* concluded that there had been a material change in circumstances since the custody order of 26 July 1971. On the appeal in *Paschall* defendant argued that because she had also testified that her relationship with Walters dated back to 1970, prior to the July 1971 custody order, in reality there had been no change of condition. The crux of the opinion of this Court in *Paschall* was the showing that when most of defendant's visits to Walters' house trailer occurred (late 1972 and 1973), the daughter was old enough

(age seven to eight) to have some partial understanding of the nature of her mother's relationship with Walters.

Surely the change in the child's powers of observation and susceptibility to influences consequent on the increased age of the child would constitute a sufficient change of circumstances to justify a modification. In *Paschall* the opinion suggested that had defendant's relationship been kept secret from the child, the trial court might have found defendant fit and proper for custody despite the adultery.

The broad language of *Paschall* quoted out of context above was addressed to the point that the mere fact that the mother now comes forward and says that her relationship with Walters antedated the original custody order does not prevent a finding of changed circumstances attendant upon the continuation of the relationship within the knowledge of an ever-maturing child. The quoted language from *Paschall* must not be taken as an approval of the relitigation of conduct and circumstances antedating a prior custody order.

Affirmed.

Judges VAUGHN and MARTIN concur.