LYNN WEHLAU (WITEK), A/K/A LYNN WEHLAU v. NORMAN LEE WITEK

No. 8429DC954

(Filed 2 July 1985)

1. **Divorce and Alimony § 25.7 — child custody order — modification — changed circumstances required**

    The trial court properly concluded that a change of circumstances was required to modify a child custody agreement where all the facts pertinent to custody were before the court which issued the initial custody decree and neither party attempted prior to the original decree to conceal the kind of environment in which the children would live. When all substantial facts relevant to the issue of custody are revealed to the court at the time of the original decree, a change of circumstances must be shown before that decree can be modified.

2. **Divorce and Alimony § 25.10 — child custody — changed circumstances not shown**

    The trial court correctly concluded that its findings did not amount to a substantial change in circumstances sufficient to authorize a modification of a custody order which had granted each parent joint and equal custody with the children residing with each parent in alternating years. Both parents were found to be fit and suitable to have custody of the children; defendant's evidence that he is a suitable parent does not negate plaintiff's standing and does not represent a change of circumstances. G.S. 50-13.7(a).

APPEAL by defendant from *Gash, Judge.* Order entered 16 May 1984 in District Court, TRANSYLVANIA County. Heard in the Court of Appeals 18 April 1985.

Wehlau v. Witek

*Hafer, Hall & Schiller by Marvin Schiller for plaintiff appellee.*

*Ramsey, Smart, Ramsey & Pratt by Michael K. Pratt for defendant appellant.*

COZORT, Judge.

Defendant made a motion in the cause requesting a modification of a prior custody order under G.S. 50-13.7. At the time of the parties' divorce, an order was entered, granting each parent joint and equal custody of the two minor children born of the marriage. The parties had agreed that the children would reside with each parent in alternating years. Prior to the time when the defendant would be required to relinquish custody of the children to plaintiff, he filed a motion claiming that the joint custody arrangement was not in the best interests of the children. After a hearing the court denied defendant's motion for failing to show that there had been a substantial change of circumstances. We affirm.

Two children were born of the union between the parties: Steven in 1973 and Berry in 1976. At the time the parties separated in 1981 they negotiated an agreement which provided, among other things, for the custody of the two minor children. Their joint custody arrangement allowed for alternating one year periods of custody. The court incorporated the separation agreement with its custody arrangement into the 1982 divorce decree.

Plaintiff had custody of the two children for the 1982-1983 school year, then she relinquished their care to defendant under the agreement. On 13 April 1984, several months before defendant would be required to relinquish custody to plaintiff, he filed a motion in the cause in which he claimed that the joint custody arrangement was inappropriate and detrimental to the well-being of the children. Defendant claimed that he offered the children a healthy stable environment and that it would be in the best interests of the children that he be allowed permanent custody.

At the hearing on the motion, defendant testified that plaintiff had moved her residence several times while she had custody of the children and that she had left them without adequate supervision at times when she was working. He further testified that he and his new wife offered a stable, loving home for the

children where their educational, emotional, and spiritual development would be maximized. Defendant presented his parish priest and a school psychologist as witnesses to support his claim.

Plaintiff testified that during the period of time when she had custody of the children she had been involved with a work training program which had necessitated several moves. She further stated that her period of training was over and she did not anticipate any further transfers. Plaintiff testified that she thought the best interests of the children would be served if they had an opportunity to be exposed to the different lifestyle of each parent.

The court entered its order finding as facts that the children's living situation had been stable while they had been with defendant and that defendant's new wife had a good and motherly relationship with the children. The court also found as a fact that the "experts" who had testified for defendant had characterized the alternating custody arrangement as not in the children's best interests. The court concluded as a matter of law that the findings did not amount to a substantial change of circumstances as required by the statute and ordered that the motion for modification of the custody arrangement be denied.

[1]   On appeal defendant argues that a change of circumstances was not required for a modification of the custody arrangement because the issue had not previously been litigated by the parties. Citing *Newsome v. Newsome*, 42 N.C. App. 416, 256 S.E. 2d 849 (1979), defendant argues that the reason for requiring a change of circumstances before modification is to prevent the parties from relitigating the same issues. Here, defendant asserts the court incorporated the parties' agreement into the divorce decree. Consequently, custody was never litigated.

To modify a custody order a court must find a change of circumstances. *Rock v. Rock*, 260 N.C. 223, 132 S.E. 2d 342 (1963). However, when facts pertinent to the custody issue existed at the time of the custody decree but were not disclosed to the court, the prior decree is *res judicata* only to the facts that *were* before the court, and other pertinent facts may be considered in subsequent custody determinations. *Newsome v. Newsome, supra.*

In the present case, all the facts pertinent to the issue of custody were before the court which issued the initial custody de-

cree. Prior to the original decree neither party attempted to conceal the kind of environment in which the children would live. At the hearing on the motion neither party brought forth evidence of lifestyle or circumstances which had not been within the contemplation of the court prior to their original decree. When all substantial facts relevant to the issue of custody are revealed to the court at the time of the original custody decree, a change of circumstances must be shown before that decree can be modified. Therefore, we hold the court properly concluded that a substantial change of circumstances was required before the court was authorized to modify the previous judgment.

[2] Next defendant argues that the trial court erred in concluding that its findings did not amount to a change of circumstances. The change of circumstances contemplated by G.S. 50-13.7(a) is a change affecting the welfare of the minor child. *Hensley v. Hensley*, 21 N.C. App. 306, 204 S.E. 2d 228 (1974). Where there is no evidence that the fitness or unfitness of either party has changed, the trial court may not modify a prior order unless sufficient change of circumstances adversely affecting the welfare of the child is shown. *Pritchard v. Pritchard*, 45 N.C. App. 189, 262 S.E. 2d 836 (1980). What represents the welfare of the child is frequently a difficult determination and the trial court is in the best position to observe the parties and evaluate the evidence. *Paschall v. Paschall*, 21 N.C. App. 120, 203 S.E. 2d 337 (1974). Therefore, the judgment of the trial court will not be disturbed on appeal if the evidence supports the findings of fact and those findings form a valid basis for the conclusions of law and order. *Id.*

After the hearing on the motion the court entered an order making findings of fact consistent with the evidence presented. The conclusions of law and order denying the motion logically flowed from the findings. A court cannot modify a custody order based on speculation or conjecture that a detrimental change may take place sometime in the future. Both parents were found to be fit and suitable to have custody of the children. Defendant's evidence that he is a suitable parent for custody does not negate plaintiff's standing as a suitable parent for custody and does not represent a change of circumstances. We hold that the court correctly concluded that its findings did not amount to a substantial

change in circumstances sufficient to authorize a modification of the custody order.

For the reasons cited the order of the court denying defendant's Motion for Modification is affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.