TERRY BENEDICT, PLAINTIFF v. DEBORAH L. COE, DEFENDANT

No. 9325DC1247

(Filed 20 December 1994)

**1. Divorce and Separation § 377 (NCI4th)— modification of visitation sought—visitation order modified—no error**

The trial court did not err in modifying an earlier child custody order where only modification of visitation was sought and only visitation was modified.

**Am Jur 2d, Divorce and Separation §§ 999 et seq.**

**2. Divorce and Separation § 378 (NCI4th)— visitation modified—no finding of substantial change of circumstances— order improper**

The trial court's order modifying visitation was deficient in that it contained insufficient findings and no conclusion of law that a substantial change of circumstances affecting the welfare of the child had occurred, and, without such a finding, a modification based solely on the ground that the defendant mother was over-protective was improper.

**Am Jur 2d, Divorce and Separation §§ 999 et seq.**

Appeal by defendant from Order entered 29 July 1993 by Judge Nancy L. Einstein in Catawba County District Court. Heard in the Court of Appeals 13 September 1994.

On 20 November 1991, the plaintiff filed an action to establish paternity and legitimation of the parties' minor child, Johnathan Chase Lester Benedict, who was born on 4 November 1990. Both parties acknowledged plaintiff as the biological father of the minor child and an Order of Paternity was entered on 27 November 1991. On that same day, the parties waived findings of fact and conclusions of law and signed a Consent Order, in which they agreed to the following custody, visitation and child support arrangements:

2. Plaintiff and defendant shall have joint custody of their minor child, JOHNATHAN CHASE LESTER BENEDICT, with the defendant having primary custody of the minor child subject to the secondary custody by the plaintiff with the plaintiff having physical custody of the minor child at least one week of every calendar month recognizing that since the plaintiff is from the State of California, it is impractical to set specific times for his secondary custody. Said secondary custody with the minor child by plaintiff shall be within the 25th Judicial District. Plaintiff shall not remove the child from the State of North Carolina without the consent of Defendant, said consent is not be be [sic] unreasonably withheld. Secondary custody by the plaintiff is encouraged at such times as the plaintiff is in the State of North Carolina, and especially Caldwell County, North Carolina, and said secondary custody shall not be unreasonably withheld.

3. Secondary custody by plaintiff shall be at all such other times as the parties mutually agree with said secondary custody encouraged and not to be unreasonably withheld.

BENEDICT v. COE

[117 N.C. App. 369 (1994)]

In addition, plaintiff agreed to pay $440.00 per month as child support until the minor child reaches the age of 18 or graduates from high school, whichever last occurs.

On 10 November 1992, plaintiff filed a Motion in the Cause seeking a modification of the visitation schedule and a reduction in child support due to a decrease in his income. Plaintiff set forth the following changes in circumstances with respect to the visitation schedule which he alleged justified the requested modification:

A. The Plaintiff has not been allowed to exercise the visitation outlined in the Court's Order because the Defendant has refused said visitation.

B. On numerous occasions the Plaintiff has spent enormous amounts of money in flying back and forth from California to North Carolina to see his child, only to be told where and under what circumstances he could spend time with said child.

C. The Plaintiff is [sic] need of a specific Order by the Court allowing him to visit with the minor child.

D. The child is older now and the Plaintiff should be allowed to take the child with him out of the State of North Carolina without the consent of the Defendant, since she has continually and consistently unreasonably withheld her consent in this regard. In fact, the Defendant has never allowed the Plaintiff to take the minor child to see his family or to family events that would obviously benefit the child.

E. The Defendant has consistently unreasonably withheld visitation, and it is time for the Court to set specific times and parameters therefore.

Defendant filed no response to the plaintiff's Motion in the Cause. On 23 December 1992, plaintiff filed a Motion to peremptorily set a hearing on his Motion in the Cause since plaintiff, who resides in California, needed time to make travel arrangements. The hearing was set for 6 January 1993. At the hearing, the parties entered a Memorandum of Judgment setting forth a more specific visitation schedule. This Memorandum of Judgment was reduced to written Order 13 July 1993. Pursuant to this Order, the parties agreed that all issues before the court would remain open until rescheduled and also that joint custody would remain as set forth in the 16 December 1991 Consent Order. However, "secondary custody", which concerned the

visitation schedule, was more specifically outlined. In addition, the parties agreed to a reduction in child support to $100.00 per week with plaintiff having a $100.00 credit applied for any full week that plaintiff had the child. The Order contains no findings of fact or conclusions of law.

The matter was heard on 23 July 1993. On 29 July 1993, after hearing the evidence, Judge Einstein entered an Order, which is the subject of this appeal, and concluded that the "best interests of the minor child" would be served by modifying the visitation schedule. This conclusion was based on the following findings of fact by the court:

1. The Court has proper jurisdiction over the parties and the subject matter of this action.

2. The parties stipulate in open court that the Court may enter an order in this cause outside this term of Court.

3. An Order was entered with the consent of the parties pursuant to a Memorandum of Judgment during the January 6, 1993 term of Court by the Honorable L. Oliver Noble, Jr.; however, this order was not reduced to typewritten version, signed and filed until July 13, 1993.

4. The above-mentioned Order set a court review of the visitation order for the July 21-23, 1993 term of court. The Order also transferred venue by consent of the parties to Caldwell County where the Defendant resides. The parties have agreed that this file may be transferred to Caldwell County after this term's review hearing.

5. Plaintiff currently resides in Santa Monica, California where he is a free lance production supervisor for commercials, movies and other media projects. Since the January 1993 Order, Plaintiff has had to turn down certain production jobs in order to enjoy visitation with his son and comply with the Court order. It is not reasonable to expect the Plaintiff to work outside his chosen field, when more flexibility in the visitation schedule would allow him to continue his career and earn a substantial salary from it.

6. Plaintiff is looking for employment in his field closer to North Carolina to be closer to his son, and specifically is looking at Atlanta for freelance production work or a salaried position with one company.

7. Under the current order, Plaintiff has been obligated to physically pick up his son from the Hickory or Charlotte airport, take him to California or to Memphis, where he has family, and personally return Chase to Hickory all at great expense and inconvenience. He has, however, procured a safe and reasonable plan with a career US Air flight attendant who lives in Charlotte but travels to California frequently.

8. Plaintiff is a well spoken, responsible and mature adult who clearly loves his son and wants to be an important part of his son's life. He is, in fact, a very fit and proper person to have the care, custody and control of his son, Chase and to enjoy all of the rights of visitation with him.

9. Defendant testified that the one week visitation between father and son went well, but that the two week period was difficult on the minor child. The Court realizes that cross-country visitation for any child is out of the ordinary; however, Chase is only two and one-half years old, and any travel or difference in routine can be an adjustment and difficult for parents. The Court has no evidence that such visitation is emotionally or physically harmful to the minor child.

10. The minor child has some apparent allergies that require avoidance of many irritants, including dairy products. Plaintiff has shown an ability and willingness to deal with these health problems reasonably and responsibly.

11. Defendant, on the other hand, appears to the Court to be an over-protective mother. While she clearly loves her son and states that she wants him to have good relationship with his father, she makes the ability to have the father/son relationship very difficult with her demands for Chase's care. The Court refers specifically to Plaintiff Exhibit No. 2 received in evidence and incorporated as findings of fact as if fully set out herein, which is a nine (9) page list of instructions for Plaintiff to follow. These instructions include requiring that Plaintiff place a harness or leash on Chase when out with him, requiring that Chase be given popcorn every night as a snack "(for constipation)," and requires Plaintiff to affirm with his signature that he has read the instructions and agrees with it all.

12. Because of this over-protectiveness, the Court wonders whether this young child has a chance to be an active, normal

young toddler. He needs to be able to play, get dirty, explore safely in order to develop into a well-adjusted child.

13. It is in the minor child's best interests that this visitation schedule be adjusted so that the Plaintiff be able to spend more significant time with his father and obtain a healthy schedule at his father's house.

From this Order, defendant appealed.

*Gaither, Gorham and Crone, by John W. Crone, III and Veronica M. Guarino, for plaintiff-appellee.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellant.*

ORR, Judge.

[1] The dispositive issue before this Court is whether the trial court abused its discretion in modifying the 16 December 1991 Order, which set forth the original child custody and visitation schedule for the parties in this action. Defendant first contends that the trial court improperly modified custody, not visitation, when the only relief plaintiff sought was modification of the visitation schedule. We find this contention to be without merit.

It is well established that a court decree awarding custody of a minor child is never final in nature. *Ellenberger v. Ellenberger*, 63 N.C. App. 721, 723, 306 S.E.2d 190, 191, *disc. review allowed*, 309 N.C. 631, 308 S.E.2d 714 (1983). "Such a decree determines only the *present rights* with respect to such custody. . . ." *Id.* (quoting *Neighbors v. Neighbors*, 236 N.C. 531, 533, 73 S.E.2d 153, 154 (1952) (emphasis added) (citations omitted)). With respect to modification of a custody order, N.C. Gen. Stat. § 50-13.7 states in part as follows:

(a) An order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested. . . .

N.C. Gen. Stat. § 50-13.7(a) (1987).

Thus, "[o]nce the custody of a minor child is judicially determined, that order of the court cannot be altered until it is determined that (1) there has been a substantial change in circumstances affecting the welfare of the child, *Hamilton v. Hamilton*, 93 N.C. App. 639,

647, 379 S.E.2d 93, 97 (1989); N.C.G.S. § 50-13.7(a) (1987); and (2) a change in custody is in the best interest of the child." *Dobos v. Dobos*, 111 N.C. App. 222, 226, 431 S.E.2d 861, 863 (1993) (quoting *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992)). "Changed circumstances" as used in N.C. Gen. Stat. § 50-13.7(a), means "such a change as affects the welfare of the child." *In re Harrell*, 11 N.C. App. 351, 354, 181 S.E.2d 188, 189 (1971). In *Ramirez-Barker*, this Court stated:

> It is not necessary that adverse effects on the child manifest themselves before a Court can alter custody . . . . It is sufficient if the changed circumstances show that the child will likely or probably be adversely affected.

*Ramirez-Barker*, 107 N.C. App at 78, 418 S.E.2d at 679 (citation omitted). "It is neither 'necessary nor desirable to wait until the child is actually harmed to make a change' in custody." *Id.*, (quoting *Domingues v. Johnson*, 323 Md. 486, 500, 593 A.2d 1133, 1139 (1991)).

The moving party has the burden of showing a substantial change of circumstances affecting the welfare of the child. *Kelly v. Kelly*, 77 N.C. App. 632, 636, 335 S.E.2d 780, 783 (1985). If the party with the burden of proof does not show that there has been a substantial change in circumstances, the "best interest" question is not reached. *Ramirez-Barker*, 107 N.C. App at 77, 418 S.E.2d at 678.

Under N.C. Gen. Stat. § 50-13.2, the best interest and welfare of the child is the paramount consideration in determining the custody and visitation rights. N.C. Gen. Stat. § 50-13.2 (1987); *In re DiMatteo*, 62 N.C. App. 571, 303 S.E.2d 84 (1983). However, trial court judges have broad discretion to determine what is in the best interest of the child in custody and visitation cases.

> [C]ustody cases often involve difficult decisions. However, it is necessary that the trial judge be given wide discretion in making his determination for "the trial judge has the opportunity to see the parties in person and to hear the witnesses."

*Pruneau v. Sanders*, 25 N.C. App. 510, 516, 214 S.E.2d 288, 292, *cert denied*, 287 N.C. 664, 216 S.E.2d 911 (1975) (quoting *Greer v. Greer*, 5 N.C. App. 160, 161, 167 S.E.2d 782, 783 (1969)). "The trial judge is entrusted by this section with the delicate and difficult task of choosing an environment which will, in his judgment, best encourage full development of the child's physical, mental, emotional, moral and spiritual faculties." *In re Peal*, 305 N.C. 640, 645, 290 S.E.2d 664, 667

(1982). The trial judge's decision shall not be upset on appeal absent a clear showing of abuse of discretion. *Falls v. Falls*, 52 N.C. App. 203, 209, 278 S.E.2d 546, 551, *disc. review denied*, 304 N.C. 390, 285 S.E.2d 831 (1981). Our Supreme Court has said "visitation privileges are but a lesser degree of custody" and that the word "custody", as used in N.C. Gen. Stat. § 50-13.7(a), was intended to encompass visitation rights as well as general custody. *Clark v. Clark*, 294 N.C. 554, 575, 243 S.E.2d 129, 142 (1978); *Savani v. Savani*, 102 N.C. App. 496, 505, 403 S.E.2d 900, 906 (1991) ("The word custody under the statute also includes visitation").

The parties in the case at bar entered into a Consent Order on 12 December 1991 providing for the custody and support of their child. This Court has stated that any modification of a consent order for custody and visitation must be based on a showing of a substantial change in circumstances adversely affecting the welfare of the minor child. *See Woncik v. Woncik*, 82 N.C. App. 244, 246, 346 S.E.2d 277, 279 (1986).

In the instant case, the trial court ordered that joint custody remain the same and that "secondary custody" be modified. The court ordered that "Plaintiff shall exercise visitation with the minor child during the months of September, January, April, and June of each year for the entire month, returning the minor child the last day of those months." The court also ordered that plaintiff or his designate, of appropriate age and character, accompany the minor child between California and North Carolina; that plaintiff shall "enjoy all custodial rights while the minor child is in his care . . ."; and that the parties keep one another informed of significant events in the life of the minor child while the child is in the parties' care. The court reserved the issue of child support for a later date.

Nowhere in the trial judge's Order or in the record was primary custody awarded to the plaintiff. Defendant retains primary custody for thirty-six out of fifty-two weeks per year, which is still the majority of the year. Plaintiff merely will visit with the minor child sixteen weeks per year in segments of one month per visit instead of twelve weeks spread out over twelve months as provided for in the 16 December 1991 Order.

We emphasize that we intend no change in well established law that the trial court may not modify child custody except upon proper motion with service and notice upon the opposing party that custody (as opposed to visitation) modification is being sought. *See Jones v.*

*Jones*, 109 N.C. App. 293, 295-96, 426 S.E.2d 468, 469-470 (1993), and *Clayton v. Clayton*, 54 N.C. App. 612, 614, 284 S.E.2d 125, 127 (1981). Our decision herein is founded upon the determination that only modification of visitation was sought and only visitation was modified. This assignment of error is, therefore, overruled.

**[2]** Defendant next argues in her brief that the trial court applied the wrong legal standard in modifying the 16 December 1991 Order. She further argues that the court's finding of fact that defendant is an "over-protective mother" is not sufficient to support a conclusion that there had been substantial change in circumstances, justifying modification of the custody order.

Modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change of circumstances affecting the welfare of the child. *Best v. Best*, 81 N.C. App. 337, 343, 344 S.E.2d 363, 367 (1986). "If the evidence supports the findings of fact by the trial court and those findings of fact form a valid basis for the conclusions of law, the judgment entered will not be disturbed on appeal." *Paschall v. Paschall*, 21 N.C. App. 120, 122, 203 S.E.2d 337, 337 (1974). While it is well established that the trial judge is in the best position to observe the parties and witnesses and to hear the evidence,

> [i]t is not sufficient that there may be evidence in the record sufficient to support findings that could have been made. . . . The trial court is required to make specific findings of fact with respect to factors listed in the statute. . . . Such findings are required in order for the appellate court to determine whether the trial court gave "due regard" to the factors listed.

*Greer*, 101 N.C. App. at 355, 399 S.E.2d at 402 (citations omitted).

At the hearing on 13 July 1993, the evidence was limited to the testimony of the parties and three exhibits. The record shows that no evidence was presented as to the circumstances of the parties on 16 December 1991, 6 January 1993, or 13 July 1993. Rather, all evidence presented concerned the parties' and minor child's then current circumstances. Moreover, the 29 July 1993 Order contains no findings as to the existing circumstances on 16 December 1991, 10 November 1992, 6 January 1993 or 13 July 1993. It contains no findings of changed circumstances since these dates. It contains no Conclusion of Law that a substantial change of circumstances affecting the welfare of the child has occurred. Finally, the Order contains no Conclu-

sion of law that the child will be adversely affected if the Order is not modified. In fact, with respect to the cross-country visitation, the trial judge stated in Finding of Fact No. 9 that "[t]he Court has no evidence that such visitation is emotionally or physically harmful to the minor child."

The court's discretion in child custody and visitation cases is limited by the well established legal standard for modification of custody and visitation orders. Evidence of "speculation or conjecture that a detrimental change may take place sometime in the future" will not support a change in custody. *Ramirez-Barker*, 107 N.C. App. at 78, 418 S.E.2d at 679 (quoting *Wehlau v. Witek*, 75 N.C. App. 596, 599, 331 S.E.2d 223, 225 (1985)). The trial court's order is deficient in that it contains insufficient findings and no conclusion of law that "a substantial change of circumstances affecting the welfare of the child has occurred." Without such finding, a modification based solely on the ground that the defendant mother is over-protective is improper. In this case, additional findings of fact and conclusions of law were in order.

We vacate the order of the trial judge and remand this case for new hearing.

Vacated and remanded for new hearing.

Judges EAGLES and JOHN concur.