CAROL J. PULLIAM, Plaintiff v. FREDERICK J. SMITH, Defendant

No. COA95-1220

(Filed 15 October 1996)

**Divorce and Separation § 370 (NCI4th)— homosexual relationship—adverse effect on children—unsupported findings—custody change not warranted**

The trial court's findings that the father's homosexual relationship will expose the children to unfit and improper influences, is detrimental to the best interest and welfare of the children, and will cause one of the children emotional difficulties were not supported by the evidence in the record but reflected only the opinions of the trial court, and the evidence and findings thus did not support the trial court's conclusion that the father's homosexual relationship constitutes a substantial change in circumstances which warrants a change of custody of the children from the father to the mother.

**Am Jur 2d, Divorce and Separation § 1014.**

**Custodial parent's sexual relations with third person as justifying modification of child custody order. 100 ALR3d 625.**

**Initial award or denial of child custody to homosexual or lesbian parent. 6 ALR4th 1297.**

Judge JOHN concurring in the result only.

Judge MARTIN, MARK D., joins in this concurring opinion.

Appeal by defendant from judgment entered 30 June 1995 in Henderson County District Court by Judge Deborah M. Burgin. Heard in the Court of Appeals 23 August 1996.

*Jackson & Jackson, by Frank B. Jackson and Phillip T. Jackson, for plaintiff-appellee.*

*N.C. Gay and Lesbian Attorneys, by Sharon A. Thompson, Ellen W. Gerber and John H. Boddie, and Lambda Legal Defense and Education Fund, Inc., by Beatrice Dohrn and Steven M. Tannenbaum, for defendant-appellant.*

**PULLIAM v. SMITH**

[124 N.C. App. 144 (1996)]

GREENE, Judge.

Frederick J. Smith (defendant) appeals the judgment entered 30 June 1995 which modifies a previous custody order and grants exclusive custody of the parties' two minor children to Carol J. Pulliam (plaintiff).

This matter came on for hearing before the trial court on the plaintiff's complaint seeking modification of a California judgment granting primary physical custody of the parties' two minor children, Frederick Joseph Smith, II (Joey) and Kenneth August Smith (Kenny), to the defendant.

The evidence reveals the plaintiff and the defendant were married in November 1982 and Joey was born on 8 August 1985 and Kenny was born on 20 May 1988. The parties separated in 1990 and the plaintiff moved to Kansas to live with William Pulliam. A divorce was granted in November 1991 and simultaneously the parties entered into a consent decree with regard to the custody of the children. After the divorce and until August 1994, the children resided in North Carolina with defendant and his grandmother. In February 1993 the plaintiff married William Pulliam and they are living in Wichita, Kansas. In August 1994 Tim Tipton (Tipton) moved into defendant's home and defendant's grandmother moved out of the home. Each summer since the divorce, the children have lived with the plaintiff about two months.

The plaintiff is employed as a waitress/cook in Kansas and earns approximately $250.00 per week. The defendant is employed with General Electric in Hendersonville, North Carolina and earns approximately $449.00 per week. The children are both enrolled in school, have good attendance records and above average grades. The defendant coached Kenny and Joey's tee ball team and helps coach Joey's baseball team. Tipton assists the defendant in the care of the children. Both Tipton and the defendant help the children with their school homework. There was testimony from the plaintiff that she had seen the defendant "slap Joey on two different occasions across the face very hard."[1]

---

1. The plaintiff does not assert and the trial court did not find that the hitting of the child was a change of circumstance justifying modification of the custody order. This evidence, therefore, becomes relevant only if the plaintiff satisfies her burden of showing a substantial change of circumstances. Because we hold that this record does not support a conclusion of a substantial change of circumstances, we do not address the issue of the hitting of the child. We do note that the record is silent on whether this incident occurred before or after the separation of the parties.

PULLIAM v. SMITH

[124 N.C. App. 144 (1996)]

Both Tipton and the defendant are gay. They sleep in the same bed which is located in a bedroom across the hall from the children's bedroom. Although they occasionally openly embrace and kiss each other, sexual activity occurs in the privacy of their bedroom. Tipton had, in a box on the top shelf in the defendant's bedroom closet, four photographs of "men dressed as women." After the defendant informed Joey, at the request of the plaintiff, of his sexual orientation, Joey became "visibly upset" and began to cry.

The defendant has had two parties since Tipton began living with him. At one party there were six homosexual men, not including the defendant and Tipton, and a "woman couple" who are also homosexual. During the party, which lasted from 8:00 p.m until 11:00 p.m., the boys stayed at their great-grandmother's house because the defendant thought there may be drinking and didn't think that was a proper atmosphere for the boys.

Joey testified that Tipton does not make him nervous and he feels comfortable around him. He likes Tipton and his cooking. Joey had no preference as to who he would like to live with. When asked why she thought the children would be better off in her custody, the plaintiff stated that it was the "impact of the homosexual thing."

In addition to findings of fact supported by the above reviewed evidence, the trial court made the following additional pertinent findings of fact:

49. That from the evidence presented the Court would find that the Defendant's conduct is not fit and proper and will expose the (2) minor male children to unfit and improper influences.

50. That there is a possibility of exposing children to embarrassment and humiliation in public because of the homosexuality of the Defendant and his relationship with Tim Tipton.

. . . .

52. That based on the foregoing findings of fact the Defendant is not providing a fit and proper environment for the rearing of the two minor children. Living daily under conditions stemming from active homosexuality practiced in the Defendant's home may impose a burden upon the two minor children by reason of the social condemnation attached to such an arrangement, which will inevitably afflict the two children's relationships with their peers and with the community at large.

53. The activity of the Defendant will likely create emotional difficulties for the two minor children. That evidence was presented that . . . Joey cried when he was told by the Defendant that he (Defendant) was homosexual. This evidence leads the Court to find that the minor child Joey may already be experiencing emotional difficulties because of the active homosexuality of the Defendant. Furthermore the Court finds that it is likely that . . . Kenny will also experience emotional difficulties because of the active homosexuality of the Defendant.

54. That the active homosexuality of the Defendant and his involvement with Tim Tipton by bringing Tim Tipton into the home of the two minor children is detrimental to the best interest and welfare of the two minor children.

The trial court then concluded that the defendant was exposing the children to conduct that is not "fit and proper" and that there had been a substantial change of circumstances since the previous custody order that is "adversely affecting the two minor children or that will likely or probably adversely affect" them. The trial court finally concluded that it is in the best interest of the two children to not reside "under the same roof as [Tipton] or any other person with whom the Defendant is having a homosexual relationship." Exclusive custody of the two children was awarded to the plaintiff.

The issues are (I) whether the conclusion of a substantial change in circumstances is supported by the findings; and if so, (II) whether the findings are supported by the evidence.

A judicially determined custody order of the court "cannot be altered until it is determined that (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the best interest of the child." *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992) (citations omitted). The party seeking a modification of custody has the burden of showing a change in circumstances, *id.* at 78, 418 S.E.2d at 679, and that the change has had an adverse effect on the child or will likely or probably have such an effect unless custody is altered. *Id.* at 77-78, 418 S.E.2d at 678-79. In other words, there must be "a nexus" between the changes of circumstances and the adverse effects on the child, *Garrett v. Garrett*, 121 N.C. App. 192, 196, 464 S.E.2d 716, 719 (1995); *see MacLagan v. Klein*, 123 N.C. App. 557, 568-69, 473 S.E.2d 778, 586-87 (1996) (religious practices of parent

**PULLIAM v. SMITH**

[124 N.C. App. 144 (1996)]

properly considered in custody case only if it has "detrimental effect on the child's general welfare"), and evidence of " 'speculation or conjecture that a detrimental change may take place sometime in the future' will not support a change in custody." *Ramirez-Barker*, 107 N.C. App. at 78, 418 S.E.2d at 679 (quoting *Wehlau v. Witek*, 75 N.C. App. 596, 599, 331 S.E.2d 223, 225 (1985)).

The determination of whether a substantial change in circumstances has occurred "is unequivocally a conclusion of law." *Garrett*, 121 N.C. App. at 197, 464 S.E.2d at 720. A conclusion that a substantial change in circumstances has occurred implies that "a change has occurred among the parties, and that change has affected the welfare of the *children* involved." *Id.* The conclusion must be supported by findings of fact and the findings must be supported by competent evidence in the record. *See Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). Findings of fact which are the equivalent of "speculation or conjecture" are not sufficient to support a conclusion. *Benedict v. Coe*, 117 N.C. App. 369, 378, 451 S.E.2d 320, 325 (1994).

I

In this case the trial court concluded that there has been a substantial change of circumstances. There are findings that a change has occurred since the entry of the prior custody decree, i.e., defendant is living in a homosexual relationship. There are also three findings (Numbers 49, 53 and 54) that this relationship will have adverse effects on the children: "will expose" the children to "unfit and improper influences," "is detrimental to the best interest and welfare of the two minor children," and "it is likely that the minor child Kenny will . . . experience emotional difficulties because of the active homosexuality of the defendant." The other findings, asserted by the plaintiff to support detrimental effects on the children, are mere "speculation and conjecture" and thus are not supportive. Those findings are: "there is a possibility of exposing [the] children to embarrassment and humiliation," "active homosexuality . . . may impose a burden upon the two minor children by reason of the social condemnation attached to such an arrangement," and "Joey may already be experiencing emotional difficulties because of the active homosexuality."

II

The order must nonetheless fail because the findings which do support the conclusion are not supported by evidence in the record. All three of these findings reflect nothing more than the opinion of

**PULLIAM v. SMITH**

[124 N.C. App. 144 (1996)]

the trial court that the conduct of the defendant *necessarily* exposes the children to "improper influences" that will likely cause Kenny "emotional difficulties" and is generally "detrimental to the best interest and welfare" of both children. This was error. Our courts have been consistent in rejecting the opinion that conduct of a parent, *ipso facto*, has a deleterious effect on the children. *See In re McCraw Children*, 3 N.C. App. 390, 395, 165 S.E.2d 1, 5 (1969) (adulterous conduct of parent does not per se render that parent unfit to have custody); *Williford v. Williford*, 303 N.C. 178, 179, 277 S.E.2d 515, 515 (1981) (change of custody not mandated when fiancee of custodial parent "began to live with the family"). There must be evidence that the conduct has or will likely have a deleterious effect on the children. In this case there is no evidence that the defendant's homosexual relationship with Tipton has or will likely have a deleterious effect on the children or that the defendant was otherwise an unfit parent. In fact the evidence reveals that the children are well adjusted, attend school regularly, make good grades, and participate in after school athletics.[2]

This case is thus distinguishable from *Bottoms v. Bottoms*, 457 S.E.2d 102, 108 (Va. 1995), relied on by the plaintiff, in that in *Bottoms* the child "demonstrated some disturbing traits." As noted by the Virginia Supreme Court, the child in that case "uses vile language," he "screams, holds his breath until he turns purple, and becomes emotionally upset when he must go to visit his [lesbian] mother. He appears confused about efforts at discipline, standing himself in a corner facing the wall for no apparent reason." *Id.* In this case there is no evidence of any such demonstrations by the children. Although there is evidence that Joey did become upset upon learning that his father is gay, there is no evidence that he was experiencing "emotional difficulties" as suggested by the findings of the trial court.

Because the findings are either speculative or not supported by evidence in the record, the conclusion that there has been a substantial change in circumstances is not supported.[3] Accordingly the judgment of the trial court must be reversed.

---

2. The plaintiff points to an incident that occurred at Six Flags amusement park in Atlanta as some evidence that the children have been humiliated as a consequence of the homosexual relationship. We disagree. The record simply does not support the inference that the incident that occurred at Six Flags was in any way related to the sexual orientations of the defendant and Tipton.

3. Because the conclusion that there has been a substantial change in circumstances is not supported in the record, we do not reach the issue of the best interest of the children. *Ramirez-Barker*, 107 N.C. App. at 77, 418 S.E.2d at 678.

Reversed.

Judge JOHN concurs in the result only with separate opinion and Judge MARTIN, Mark D., joins in this concurrence in the result only.

Judge JOHN concurring in the result only.

In the present case, significant portions of the trial court's findings of fact numbered 49, 50, 52, 53 and 54, upon which its determination of a substantial change of circumstances is based, are unsupported by competent evidence of record. Accordingly, under our law the court's order is defective and must be reversed. *See Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). I therefore concur in the result reached in Judge Greene's opinion.